# In the Court of Appeals of the State of Alaska

| | |
|---|---|
| Jimmy Lampley, | Court of Appeals No. A-07539 |
| Appellant(s), | |
| v. | **Order** |
| | Withdrawal of Attorney |
| State of Alaska, | |
| Appellee(s). | Date of Order: 4/4/01 |

Trial Court Case # **3AN-98-00397CR**

    Assistant Public Defender Michael Dieni asks this court to allow the Public Defender Agency to withdraw from further representation of the Appellant, Jimmy Lampley, because of a purported conflict of interest. According to Mr. Dieni, this conflict of interest arises from the fact that Lampley has filed a petition for post-conviction relief asserting that the Public Defender Agency represented him incompetently at his trial. Mr. Dieni contends that he and every other attorney working for the Public Defender Agency must withdraw from Lampley's present appeal because "[c]urrent and past ... staff [of] the public defender agency may be witnesses adverse to Mr. Lampley's [post-conviction] claims."

    For the reasons explained here, I conclude that no disqualifying conflict of interest arises from the mere fact that Lampley is pursuing a petition for post-conviction relief in which he asserts that the Public Defender Agency represented him incompetently at trial.

    The present appeal is a direct appeal from Lampley's misdemeanor convictions for violating a domestic violence protective order. Lampley has raised three points on appeal: that there was insufficient evidence to support his convictions, that the district court should have granted him a judgement of acquittal, and that the district court

Page 2
Court of Appeals Order
No. A-7539
April 4, 2001

should not have referred to Lampley's prior bad acts.

The briefing in this appeal was completed on November 30, 2000 (with the filing of Lampley's reply brief), and the case has been submitted without a request for oral argument. Thus, Lampley's appeal is ripe for decision, and it is unlikely that the Public Defender Agency will be called upon to do anything further in this case until we issue our decision.

Even assuming that we rule against Lampley, and that Lampley wishes to pursue a petition for hearing to the supreme court, it does not appear that the Public Defender Agency would have a disqualifying conflict of interest. As explained, the points raised on appeal are few and fairly straightforward, and any petition for hearing normally would only involve a re-presentation of Lampley's arguments.

Professional Conduct Rule 1.7(b) states: "A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person[.]" Mr. Dieni implicitly argues that he and every other member of the Public Defender Agency now have a responsibility — a duty of loyalty— to defend Lampley's trial attorney and thus to do nothing that would advance Lampley's petition for post-conviction relief.

In addition, Professional Conduct Rule 1.10(a) states: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any of them practicing alone would be prohibited from doing so by [Rule] 1.7[.]" Mr. Dieni is seemingly contending that the unnamed assistant public defender who represented Lampley at trial could not ethically assert his or her own incompetence, and thus every other member of the Public Defender Agency is likewise barred from doing so.

Some states treat their public defender agencies as a single law firm; these states interpret Rules 1.7 and 1.10 (or their equivalents) as barring any member of the

Order48.wpt
kRev 03/01

Page 3
Court of Appeals Order
No. A-7539
April 4, 2001

public defender agency from asserting the incompetence of another member of the agency.[1] But Alaska has adopted a different approach toward government law firms.

In *Disciplinary Matter Involving Walton*, the Alaska Supreme Court stated: "[W]e do not believe that the entire Department of Law should be considered one law office, or that all attorneys employed [by the Department] should be considered to be practicing law together for purposes of [the rules governing disqualification]."[2] And this court applied a similar rule to the Public Defender Agency in *LaPierre v. State*.[3]

LaPierre, who was represented at trial by the Public Defender Agency, argued that he had been denied effective assistance of counsel because his attorney had a conflict of interest. Another assistant public defender from the same office (Bethel) was contemporaneously representing a man named David Simmons in an unrelated case, and Simmons's interests were potentially adverse to LaPierre's. But even though both attorneys were working for the same branch of the Public Defender Agency, we did not apply the rule codified in Professional Conduct Rule 1.10(a) — that the conflicting loyalties of any member of a law firm are imputed to all other members of the firm. Rather, we held that it was LaPierre's burden to prove that *his* assistant public defender had actively represented conflicting interests, or that the purported conflict had adversely affected *his* lawyer's performance.[4]

No Alaska case discusses the precise issue of whether one member of the

---

[1] See *McCall v. District Court*, 783 P.2d 1223 (Colo. 1989); *Kennebrew v. State*, 480 S.E.2d 1 (Ga. 1996); *Commonwealth v. Green*, 709 P.2d 382, 384 (Pa. 1998).

[2] 676 P.2d 1078, 1084 (Alaska 1983). See also *Skvorc v. State Personnel Board*, Alaska Opinion No. 5246 (March 3, 2000), slip opinion at 29-32.

[3] 734 P.2d 997 (Alaska App. 1987)

[4] See *id.*, 734 P.2d at 1004.

Order48.wpt
kRev 03/01

Page 4
Court of Appeals Order
No. A-7539
April 4, 2001

Public Defender Agency can ethically argue (on appeal, or in a petition for post-conviction relief) that another member of the agency incompetently represented the client at trial. However, many other states have concluded that the public defender agency should not be treated the same as a typical law firm for purposes of applying the rules of imputed disqualification. Specifically, these states have held that members of a public defender agency are not disqualified from representing a client simply because they must argue that their client received ineffective assistance at trial from another attorney working for the same agency.

> The words of the Illinois Court of Appeals typify this line of cases:
>
> There is no *per se* conflict of interest when one public defender must argue the ineffective assistance of another public defender. ... In such situations, the court should determine, on a case-by-case basis, whether there are any circumstances peculiar to the case which indicate an actual conflict of interest.

*People v. Jones*, 569 N.E.2d 110, 112 (Ill. App. 1991). The mere fact that "[a] successful challenge [to the trial attorney's performance] might prove embarrassing to both the office of the public defender and to [the trial attorney]" is not a sufficient reason, standing by itself, to disqualify a public defender agency from arguing that a client received ineffective assistance from an assistant public defender.[5]

*Accord*: *People v. Daniels* (Cal.)[6]; *State v. Webb* (Conn.)[7]; *State v. Pitt*

---

[5]   *People v. Munson*, 638 N.E.2d 1207, 1210 (Ill. App. 1994).

[6]   802 P.2d 906, 914-15 (Cal. 1991).

[7]   680 A.2d 147, 164-68 (Conn. 1996)

Exhibit J
Page 4 of 8

Page 5
Court of Appeals Order
No. A-7539
April 4, 2001

(Haw. App.) [8]; *People v. Claybourn* (Ill. App.) [9]; *Graves v. State* (Md. App.) [10]; *State ex rel. Public Defender Comm'n v. Bonacker* (Mo.) [11]; *State v. Bell* (N.J.) [12]; *Richards v. Clow* (N.M.) [13]; *State v. Lentz* (Ohio) [14]; *Berget v. State* (Okla. Crim. App.) [15].

The current draft of the American Law Institute's "Restatement of the Law Governing Lawyers" likewise advocates the rule that conflict-of-interest issues involving a public defender agency should not be decided merely by examining the formal relationship between the two attorneys involved. The draft argues that, ordinarily, even deputy or assistant public defenders who are part of the same administrative structure within an organization should be deemed independent:

> In a public defender office, conflict of interest questions commonly arise when the interests of two or more defendants so conflict that lawyers in a private-practice defense firm could not represent the defendants. ... Where defenders in the same office discuss cases and have access to each other's files, [section] 203(3) would impute their conflicts to each other. In the absence of such access, however, even public defenders who are subject to the same

---

[8]  884 P.2d 1150, 1156 (Haw. App. 1994).

[9]  582 N.E.2d 1347, 1353-54 (Ill. App. 1991).

[10]  619 A.2d 123 (Md. App. 1993).

[11]  706 S.W.2d 449 (Mo. 1986).

[12]  447 A.2d 525, 527-531 (N.J. 1982).

[13]  702 P.2d 4, 6 (N.M. 1985).

[14]  639 N.E.2d 784, 786 (Ohio 1994).

[15]  907 P.2d 1078, 1086 (Okla. Crim. App. 1995).

Exhibit J
Page 5 of 8

Page 6
Court of Appeals Order
No. A-7539
April 4, 2001

> supervisory structure within an organization ordinarily should be treated as independent for purposes of [section] 203(2). The lawyers do not provide legal services to the public defender office; they provide the legal services to the individual defendants. Furthermore, there is ordinarily no reason to believe that the office would have reason to give one defendant more vigorous representation than other defendants whose interests are in conflict. Thus, while individual defendants ordinarily should be represented by separate members of the defender's office, the representation of each defendant should not be imputed to other lawyers in the office.

Restatement of the Law Governing Lawyers (Tent. Draft No. 4, April 10, 1991) § 203, comment (d)(iv).

In view of this authority, and given the prior Alaska cases dealing with related issues, I conclude that the normal rules of imputed disqualification do not apply to the Alaska Public Defender Agency, and thus Mr. Dieni (and the other members of the Agency) would not automatically be disqualified from representing Lampley in his post-conviction relief litigation.

But Mr. Dieni's claim of conflicting interest is even more attenuated. Mr. Dieni claims that the Public Defender Agency is disqualified from representing Lampley in this appeal — an appeal that has nothing to do with attorney incompetence — simply because Lampley has filed another lawsuit in which he alleges that the Agency gave him ineffective assistance at trial.

Even assuming that Lampley's complaint is justified (*i.e.*, even assuming that he ultimately proves that his trial attorney was incompetent), it does not follow that the Agency must cease representing Lampley in the present appeal. Mr. Dieni does not

Exhibit J
Page 6 of 8

Order48.wpt
kRev 03/01

Page 7
Court of Appeals Order
No. A-7539
April 4, 2001

claim that this appeal has anything to do with Lampley's post-conviction relief litigation (or, more particularly, with Lampley's contention that he received incompetent legal representation from his trial attorney). The record and the briefing in this appeal do not suggest any connection with the post-conviction relief litigation. Nor does Mr. Dieni assert that Lampley's attack on his trial attorney affected Dieni's ability to loyally pursue Lampley's interests when he wrote Lampley's opening brief and reply brief.

Thus, the sole question before this court is whether Mr. Dieni will be able to effectively and loyally represent Lampley when he decides what action to take in response to our decision of this case. Mr. Dieni has not provided any reason to doubt his ability to pursue Lampley's interests in the event that a petition for hearing (or a petition for *certiorari*) is required.

For these reasons, I conclude that the Public Defender Agency's motion to withdraw from this appeal should be denied.

Although I am denying the Public Defender Agency's motion to withdraw, Lampley remains entitled to an attorney who will represent him loyally, free from the influence of conflicting interests. Lampley is attacking the competence of a member of the Agency. It is conceivable that Mr. Dieni, because of close friendship with Lampley's trial attorney, may have feelings of rancor toward Lampley that he can not set aside. If this is the case, then there may be individual justification for Mr. Dieni's withdrawal as Lampley's appellate counsel. *See People v. Levesque*, where the court cautioned that an assistant public defender "[might not] be able to overcome his natural loyalty to an attorney under his supervision".[16] But Mr. Dieni's current motion alleges only that he and the trial attorney are (or were) colleagues in the same office.

---

[16]   628 N.E.2d 272, 279 (Ill. App. 1993).

Exhibit J
Page 7 of 8

Order48.wpt
kRev 03/01

Page 8
Court of Appeals Order
No. A-7539
April 4, 2001

    Under the circumstances of this case, this fact is not a sufficient reason to disqualify Mr. Dieni and the rest of the Public Defender Agency from representing Lampley in this appeal. Therefore, the Alaska Public Defender Agency's motion to withdraw from this case is DENIED.

    If there are case-specific facts which cast doubt on Mr. Dieni's ability to loyally represent Lampley, or if there are facts which cast doubt on the Public Defender Agency's general ability to loyally represent Lampley, Mr. Dieni (or any other member of the Public Defender Agency) may file a renewed motion to withdraw.

    Entered at the direction of an individual judge.

Clerk of the Appellate Courts

*Gloria Pedounsky*
Deputy Clerk

Distribution:

    Michael D Dieni
    Asst Public Defender
    900 West Fifth Avenue #200
    Anchorage AK 99501

    Michael T Burke
    Assistant District Attorney
    310 K Street Suite 520
    Anchorage AK 99501

    Roger Rom
    Asst District Attorney
    310 K Street Suite 520
    Anchorage AK 99501

Order48.wpt
kRev 03/01