Grievance # 01-389 (Lampley, Jimmy ob# 210735) dated 08/27/01

<u>Investigation and Findings</u>. Prisoner Lampley is grieving the fact that he has been denied the restoration of his statutory good time. On 08/08/01 he was denied the restoration by POIII Simons due to what POIII Simons cites as numerous disciplinary write-ups. The Superintendent and the Director of Institutions supported the denial and as such are also included in this grievance.

Prisoner Lampley's argument is that he has not had a disciplinary report served to him for nearly 11 months and has not been found guilty of any infractions in that time and as such should have his good time restored per 22 AAC 05.472.

Prisoner Lampley's last disciplinary report where he was found guilty was on 01/18/01. Since that time Prisoner Lampley has not been served with any disciplinary paperwork; however, Prisoner Lampley has accrued numerous informational reports since his last disciplinary in January. The reason that Prisoner Lampley has not received any formal disciplinary paperwork is because his disciplinary history in terms of loss of statutory good time and punitive segregation has reached maximum days of lost good time and punitive segregation time to be served. Essentially, Prisoner Lampley cannot lose anymore good time nor serve any more punitive segregation because he will be released before any of these sanctions could be imposed. As a result of this situation, the superintendent made the decision to make the reports informational in order to document and record the incidents and simultaneously alleviate the workload of processing the reports as formal disciplinary actions when Prisoner Lampley would be out of the system before sanctions could be imposed.

Utilizing the same AAC that Prisoner Lampley quotes as his basis for requesting restoration of his statutory good time, Prisoner Lampley needed to "demonstrate satisfactory progress in faithfully observing the rules of the of the correctional facility in which the prisoner is housed." His behavior as demonstrated in the informational reports does not support an attempt to "observe the rules." Prisoner Lampley further asserts that since he was not found guilty of any disciplinary rule cited in 22 AAC 05.400 that his conduct should be interpreted as "good conduct" which is the requisite element for restoration of statutory good time per the AAC. Prisoner Lampley did not demonstrate good conduct he simply exhausted the institution's ability to sanction him for poor conduct.

<u>Recommendation</u>. Deny all requested relief.

Clare M. Sullivan
SGT, COMSEC
30 August 01

EXHIBIT 5

Page 1 of 1

Exhibit L
Page 35 of 51

STATE OF ALASKA            DEPARTMENT OF CORRECTIONS

C-5

## REQUEST FOR INTERVIEW
### SCCC

| | |
|---|---|
| Name: Jim Lampley | OBS# 210735  MOD: 6.5  Date: 8-7-01 |
| To: SS Ipsic | |

Request: Attached is a retroactive restoration of meritorious good time with interpretations of the two I was told to see you in regards to. It is correct and was it issued erroneously or as someone's doing? I am only told from 7-10-99 to date 8-6-01 to act and request it go to investigation for it to be second time for doing. Also: Loss of Statutory Good Time in 97-217 and 95-104 is illegally restricted contrary to law. Please issue it is correct with interpretation or with the application of statute. I have approx 64 days lost of 461 loss total.

Prisoner Signature: J. Lampley

Action Taken: Your application has been forwarded to Director of Institutions office. Simon Brown 8/10/01.

Employee Signature:        Date:

Final Action Taken:

[stamp: RECORDS]    [stamp: UNT ACKNOWLEDGEMENT]

Employee Signature:        Date:

Instructions: Requests must be specific and state the action being requested (i.e. interview, hearing, etc.). Requests are to be written within the confines of designated areas.

Distribution: Original to Case Record

EXHIBIT __6__
Page __1__ of __1__

Exhibit L
Page 36 of 51

STATE OF ALASKA                                         DEPARTMENT OF CORRECTIONS

# REQUEST FOR INTERVIEW
## SCCC

Name: Jim Lampley        OBS# 210735    MOD: 05    Date: 10-20-01

To: Superintendent Armstrong

Request: The denial of the restoration of loss of Statutory Good Time was based upon numerous disciplinary write ups according to P.O. Simons. I want this corrected as I have not received even one Notice of Hearing for any alleged infraction or misconduct, nor have I been found guilty of any alleged infraction or misconduct. This being quite contrary to P.O. Simons findings which is given to my Parole Officer Mr. Corzier the Director. I have a constitutional right to minimal due process if I am accused of violating a institutional rule or policy, and this has not been done

Prisoner Signature: J Lampley        since on or before 9-20-00 Something no P.O. the to any infraction

Action Taken: Request denied. - Simons

Employee Signature:                                                     Date:

Final Action Taken:                            SIMONS

                                    I/M ACKNOWLEDGEMENT

Employee Signature:                                                     Date:

Instructions: Requests must be specific and state the action being requested (i.e. interview, hearing, etc.). Requests are to be written within the confines of designated areas.

Distribution: Original to Case Record

Form 20-808.13                                                                              Rev. 08/98

EXHIBIT  7
Page  1  of  1

Exhibit L
Page 37 of 51

## PRISONER GRIEVANCE

| PRINT NAME | INSTITUTION - MODULE | OBSCIS NUMBER | LOG NUMBER |
|---|---|---|---|
| Jim Lampley | SCCC C-5 4-1 | 210735 | 01-389 |

**DATE OF INCIDENT:** 8-8-01 – 8-24-01  See page 2

**DESCRIBE INCIDENT AND YOUR ATTEMPTS TO HANDLE IT INFORMALLY. ONE ISSUE PER GRIEVANCE**

On 8-20-01 I submitted a cop-out to Superintendent Garland Armstrong requesting correction of error that prevented restoration of loss of Good Time. The error was made by P.O. Clifford Simons on my "Application for Restoration of forfeited Statutory Good Time," where he had written in part 2 of Staff verification and recommendation of said application: "Prisoner Lampley has had numerous disciplinary write ups within the last '12 months,'" all of which is not true as stated in said cop-out above to Mr. Armstrong as I've neither been served a "Notice of Hearing" or have I been found Guilty of any infraction by the Department of Correction since on or about 9-26-00, approximately (11) eleven months ago. Cop-out was dated 8-20-01. Pursuant to 22AAC 05.472 "Restoration of forfeited Good Time, part (b) In order to be eligible for restoration of good time under this section, prisoners must have served the applicable following period of "Good Conduct" since the occurrence of the infraction: (1) 30 days for a low-moderate infraction as described in 22AAC 05-400; (2) 60 days for a High-Moderate or Major infraction as described in 22AAC 05-400; and (C) For purposes of this section, "GOOD CONDUCT" means the absence of a violation of a disciplinary rule listed in 22AAC 05-400 or approved by the commissioner under 22AAC 05-300(a), other than a Minor infraction, FOR WHICH GUILT HAS BEEN ESTABLISHED THROUGH THE DISCIPLINARY PROCESS. (Eff. 7/0/87, Register 101; am 4/15/92, Register 122; am 9/11/97, Register 123) Authority: AS 33.30.050 AS 33.20.060, AS 33.30.011, AS 33.30.071, AS 44.28.030. The loss of my Good Time should be restored for "GOOD CONDUCT" and the error corrected by P.O. Simons. Also See 22AAC 05.473 Award and Forfeiture of Statutory Good Time for Municipal Prisoners

– PAGE 1 OF 2 –

(Attach additional pages if necessary)

**I REQUEST THE FOLLOWING RELIEF:** (State outcome you are seeking): 1.) Error Corrected. 2.) Restoration of Loss of Forfeited Statutory Good Time. 3.) Release, immediately, pursuant to the Restoration of Good Time. 4.) Criminal Charges filed against P.O. Cliff Simons for Perjury; and same for Superintendent Armstrong for failure to correct error, and Mr. A.J. Cooper.

I UNDERSTAND THAT THIS GRIEVANCE MUST BE FILED WITH THE GRIEVANCE COORDINATOR WITHIN 30 DAYS OF THE OCCURRENCE OR MY KNOWLEDGE OF THIS INCIDENT.

**DATE:** 8-27-01    **PRISONER'S SIGNATURE:** J. Lampley

I ACKNOWLEDGE RECEIPT OF THIS GRIEVANCE AND HAVE ISSUED THE LOG NUMBER ABOVE FOR REFERENCE. PLEASE REFER ANY INQUIRES ABOUT THIS GRIEVANCE TO THE ASSIGNED LOG NUMBER.

**DATE FILED IN COMPLIANCE:** 8/28/01    **GRIEVANCE COORDINATOR'S SIGNATURE:** [signature]

EXHIBIT 8

Page 1 of 3

Exhibit L
Page 38 of 51

Prisoner Grievance
Page 2 of 3

(a) A municipal prisoner incarcerated in a state correctional facility, or in a contract facility due to transfer from a state correctional facility, is subject to 22 AAC 05.470 and 22 AAC 05.472

(b) A municipal prisoner incarcerated in a municipal correctional facility may have sanctions imposed by the superintendent of the facility for misbehavior while in the facility. Sanctions may include the forfeiture of statutory Good Time awarded under AS 33.20.010 AS LONG AS THE PRISONER IS PROVIDED A HEARING BEFORE AN IMPARTIAL PERSON OR PERSONS AND THE PRISONER IS AFFORDED MINIMUM DUE PROCESS RIGHTS. The amount of good time forfeited must be related to the severity of the misbehavior.

where I was denied, "A HEARING BEFORE AN IMPARTIAL PERSON OR PERSONS; and, AFFORDED MINIMUM DUE PROCESS RIGHTS," in Case No. 97-313 where sanctions were imposed 11-19-97, and Case No. 98-887 where sanctions were imposed 8-14-99, where Department of Corrections had no jurisdictional authority or the Alaska State Trooper to either write a report or DOC accept a report based on alleged misconduct where I was denied the (my) minimum DUE PROCESS RIGHTS to call witnesses, the writer of the report, in Case No. 97-313; and where I was denied the minimum due process Rights when I was denied to call witnesses; i.e. Municipal Prosecutor Mark Avery; and for compliance of a Court Order in Case No. 98-1014 leaving no jurisdictional authority to impose sanctions of guilty findings as I was in compliance with Court Orders in which I was incarcerated on. (Case No. 3ANM-94-421 Cr.; 3ANM-94-9035 Cr.; 3ANM-97-9170 Cr.; and, Case No. 3ANM-97-10543 Cr.) made by Alaska District Court Judge, William H. Fuld.

Incident for P.O. Cliff Simons was dated on 8-8-01
Incident for Superintendent Garland Armstrong was between 8-20-01 and 8-24-01, where he stated, "Request denied."

8-27-01

Jim Lampley
Jim Lampley

EXHIBIT 8
Page 2 of 3

Exhibit J
Page 39 of 51

PRISONER GRIEVANCE – PAGE 2     DEPARTMENT OF CORRECTIONS

LOG NUMBER: 01-389

Prisoner: Langley, Jim

**FINDINGS AND RECOMMENDATIONS:**

SEE ATTACHED

**INVESTIGATION:** I met with grievant on

Investigator's Signature: [signed]    Date: 8-30-01

**SUPERINTENDENT'S FINDINGS AND DETERMINATION:**

Prisoner Langley has continued with his disruptive behavior. He has threatened just about every staff member that has had contact with him & he does not get his way. His behavior has not been good. Concern will investigate. No further action needed.

Superintendent's Signature: [signed] Acting Supt    Date: 8/30/01

**PRISONER'S RESPONSE:**

☐ I AM SATISFIED WITH THIS RESPONSE
☒ I AM NOT SATISFIED WITH THIS RESPONSE
    ☐ BUT DO NOT WISH TO APPEAL
    ☒ AND DO INTEND TO APPEAL TO THE DIRECTOR OF INSTITUTIONS OR MEDICAL DIRECTOR.

I UNDERSTAND THAT MY COMPLETED STATEMENT OF APPEAL FORM MUST BE SUBMITTED TO THE GRIEVANCE COORDINATOR WITHIN TWO WORKING DAYS OF THIS DATE.

Prisoner's Signature: [signed] J Langley    Date: 9-1-01

Form Delivered to Prisoner by Officer: [signed] Steve Cott    9/1/01 1530

Distribution: Original to Prisoner Case File

EXHIBIT 8
Page 3 of 3

Exhibit L
Page 40 of 51

## PRISONER GRIEVANCE APPEAL STATEMENT

| PRINT NAME | INSTITUTION/MODULE | OBSCIS NUMBER | LOG NUMBER |
|---|---|---|---|
| Jim Lampley | SCCC C-5 | 210735 | 01-389 |

**DATE OF APPEAL** 9-1-01   I am appealing the Superintendent's determination for the following reasons:

First Point of Appeal is that I am appealing the Denial (ie. Request Denied) of Mr. Garland Armstrong's decision not to correct the error or have it corrected as it is not legally correct information, therefore invalid and/or unlawful to use as a basis as denial for sought restoration of good time. Thus warranting the Higher level of review, see 22AAC05.185 and Policy & Procedure 808.03. 4. Appeal Statement.

Second Point of Appeal is "GOOD CONDUCT" can't be disputed pursuant to 22AAC05.472(c) as "GUILT" has not been established through the Disciplinary process validating the Investigator's Findings (SGT. Clare M. Sullivan) through which was used to support her Recommendation to Deny all requested Relief.

Third Point of Appeal is I have a Alaska and U.S. Constitutional Right to maximum Due Process RIGHTS through which to help determine any guilt of alleged behavior, or innocence, to which the Department of Corrections clearly sought to illegally and in BAD FAITH deprive one of, again and again, through my entire Incarcerational period, which is again supported here by the Institution's own Compliance/Security sergeant SGT. Clare M. Sullivan, who clearly chose not to afford me my rights or use the correct and proper resources provided by LAWS to use to support her findings or recommendations of Denial, therefore enacting this stall and delay tactics of forcing me to this appeal (See Policy & Procedure #808.07 as well as cited law in support) contrary to law.

Fourth Point of Appeal is the Superintendent's and Director's support of Denial was based on legally incorrect information by P.O. Cliff Simons (although having this knowledge) needs correction.

**PRISONER'S SIGNATURE:** Lampley   Charges of Federal Conspiracies clearly warranted!

I ACKNOWLEDGE RECEIPT OF THIS GRIEVANCE APPEAL STATEMENT AND HAVE LOGGED IT WITH THE APPROPRIATE INITIALLY FILED GRIEVANCE.

**DATE FILED IN COMPLIANCE:** 9-2-01   **GRIEVANCE COORDINATOR'S SIGNATURE:** Clare M Sullivan

**DIRECTOR OF INSTITUTION'S/MEDICAL ADVISORY COMMITTEE'S DECISION:**

Dear M. Lampley:

You had your good time taken and that was reviewed by both the Superintendent and the Director. I do not find where your rights have been violated. I do know that your conduct got you where you are and will be what gets you out.

AJC:wls   Signature   9/18/01

Distribution: Original to Prisoner Case File
Institutional Grievance Coordinator / Grievance & Compliance Administrator (Central Office) / Prisoner
Superintendent, Records, DOI

Department of Corrections Form #808.03D
Rev. 07/95

EXHIBIT 9
Page 1 of 1

Exhibit L
Page 41 of 51

| State of Alaska Department of Corrections Policies and Procedures | | Effective Date: 05-14-92 |
|---|---|---|
| | | Distribution: A, B, C, D |
| Approved by: Lloyd F. Humes Commissioner | | Chapter: Prisoner Rules and Discipline |
| Subject: Restoration of Forfeited Statutory Good Time | | |

I. AUTHORITY:

In accordance with AS 44.28.030, AS 33.30.021 and 22 AAC 05.155, the Department of Corrections will establish and maintain a manual of policies and procedures to interpret and implement the statutory and regulatory duties of the department.

II. REFERENCES:

*Alaska Statute*
33.20.060            Restoration of forfeited good time

*Alaska Administrative Code*
22 AA 05.472        Restoration of Forfeited Statutory Good Time
22 AA 05.473        Award and Forfeiture of Statutory Good Time For Municipal Prisoners

III. PURPOSE:

To establish procedures for the consistent and systematic restoration of forfeited statutory good time according to prescribed statutes and regulations.

IV. APPLICATION:

To all employees and prisoners.

V. DEFINITIONS:

A. Clear Conduct Record: A period of time without a violation of a disciplinary rule, except minor infractions for which guilt was established through the disciplinary process.

B. Infraction: The violation of a disciplinary rule as defined and applied in accordance with policy 809.02, Acts Prohibited and Penalties, or approved by the Commissioner for prisoners incarcerated in contract facilities.

EXHIBIT 10
Page 1 of 4

Exhibit L
Page 42 of 51

POLICY:

A. It is the policy of the Department to restore forfeited statutory good time to prisoners in accordance with the criteria and procedures set forth below. Up to 100 percent of forfeited good time may be restored, at the discretion of the Department, upon determination that a prisoner has met a minimum period of clear conduct since the most recent disciplinary infraction. Forfeited good time may be restored upon application of the prisoner, or upon independent review and determination of the prisoner's eligibility by the Department.

B. A prisoner is eligible for consideration for restoration of good time if the prisoner has served a period of 30 days clear conduct since the commission of the most recent low-moderate infraction, or 60 days since the commission of the most recent high-moderate or major infraction. In other words, a prisoner may have all previously forfeited good time restored regardless of when an infraction was committed as long as the minimum period of clear conduct since the most recent infraction has been met. Notwithstanding C. below, eligibility for consideration does not affect the discretion of the Department in determining the amount of good time to be restored, or the timing of any restoration, except for prisoners eligible for mandatory restoration under VII.B.1.(a) below.

C. A prisoner is presumed to be eligible for restoration of forfeited good time under the schedule set forth below, unless the Superintendent or Chief Classification Officer (in cases involving prisoners incarcerated outside Alaska) determines that restoration would be inappropriate in light of the factors set forth in VII. B. below.

   1. If the most recent infraction is a low-moderate, the prisoner is presumed eligible for restoration of:

      (a) 50 percent of the previously forfeited good time after a 90-day period of clear conduct, and

      (b) 100 percent of the previously forfeited good time after 180-days of clear conduct.

   2. If the most recent infraction is a high-moderate, the prisoner is presumed eligible for restoration of:

      (a) 50 percent of the previously forfeited good time after a 180-day period of clear conduct, and

      (b) 100 percent of the previously forfeited good time after a 360-day period of clear conduct.

EXHIBIT 10
Page 2 of 4
Exhibit L
Page 43 of 51

3. If the most recent infraction is a major, the prisoner is presumed eligible for restoration of:

    (a) 50 percent of the previously forfeited good time after a one-year period of clear conduct, and

    (b) 100 percent of the previously forfeited good time after a two-year period of clear conduct.

VII. PROCEDURE:

   A. Application

      1. A prisoner seeking the restoration of statutory good time forfeited as a result of an infraction shall make application for restoration on form 20-809.07A, <u>Application for Restoration of Forfeited Statutory Good Time</u>. If a final decision results in a denial of restoration, a prisoner may re-apply on or after the date indicated on the final decision section of the application.

      2. The completed application must be submitted through the institutional staff member designated for that purpose.

      3. The staff member will review the application and the prisoner's case record to verify eligibility for consideration of restoration of forfeited statutory good time under this policy. The staff member will enter findings, date, sign and route the application to the Superintendent or Chief Classification Officer (for prisoners incarcerated outside Alaska).

   B. Determination

      1. The Superintendent or Chief Classification Officer, as appropriate, will review each application and decide whether, in what amount and on what date, forfeited statutory good time will be restored. In making this determination, the Superintendent or Chief Classification Officer will restore forfeited good time, as appropriate, in light of the following factors:

         (a) eligibility for mandatory restoration under previous good time restoration policy, see Policy and Procedure 809.07, <u>Restoration of Forfeited Statutory Good Time</u>, dated 11-01-90;

         NOTE: generally, prisoners who have lost good time between April 14, 1991 and April 14, 1992, may be eligible for mandatory restoration of up to 75 percent of the forfeited good time. Superintendents are urged to contact the Department's assigned legal counsel at the Department of Law in cases where there is a question of eligibility for mandatory restoration.

(b) presumptive eligibility under VI.C. above;

(c) the prisoner's overall conduct and disciplinary record;

(d) the prisoner's progress in rehabilitative programs;

(e) the need for pre-release planning or setting of conditions of release;

(f) whether the prisoner has satisfied the disciplinary sanction(s) imposed for prior disciplinary infractions;

(g) the potential danger to the public should restoration result in release of the prisoner;

(h) the need for victim notification; and

(i) any other factors identified which are relevant to restoration of previously forfeited good time of the prisoner.

2. The Superintendent or Chief Classification Officer will indicate the decision concerning the restoration, amount, and timing of any restoration on the application form, setting forth the specific reasons supporting the decision. Any decision to deny immediate restoration of the entire amount of good time shall be forwarded to the Director of Institutions for review. The Director's decision is final and not appealable.

3. Upon final decision, copies of the completed application will be distributed as follows:

(a) original to the prisoner;

(b) copy to the time-accounting records officer;

(c) copy to the prisoner's case record; and

(d) in the case of a prisoner housed outside of Alaska, a copy to the Chief Classification Officer.

IX. IMPLEMENTATION:

The policy and procedure is effective on the date signed by the Commissioner.

_Lloyd F. Hames, Commissioner_

5/17/94
Date

Forms Applicable to this Policy
20-809.07(A)   Application For Restoration of Forfeited Statutory Good Time

EXHIBIT 10
Page 4 of 4

Exhibit L
Page 45 of 51

IN THE DISTRICT COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

JIMMY LAMPLEY,                )
                              )
        Plaintiff,             )
                              )
    vs.                       )
                              )
STATE OF ALASKA,              )
                              )
        Defendant             )   Case No.: 3AN-S00-13209 CI.
                              )   T/W     3AN-S98-00397 CR.

### AFFIDAVIT OF COUNSEL

**VRA CERTIFICATION**

I, David R. Weber, certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

STATE OF ALASKA          )
                         )§
THIRD JUDICIAL DISTRICT  )

David R. Weber, being duly sworn and upon his oath, deposes and states as follows:

1. I am the attorney representing Mr. Lampley in the above-captioned action and I was his counsel in State v. Lampley, 3AN-S01-8094 Cr.

2. I am a citizen of the State of Alaska and the United States, above twenty-one years of age.

3. In the course of representing Mr. Lampley in State v. Lampley, 3AN-S01-8094 Cr. I had to become familiar with certain policies and procedures of the Alaska Department of Corrections ("DOC"). I learned: a) Documents severed on a prisoner are placed in the prisoner's "jacket"; b) Mr. Lampley's "jacket" is vast, but it appears to have

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123

neither the (20) day nor the six (6) month orders from Mueller v. Lampley, 3AN-89-44 DV. in it; c) "Bravo" module at Cook Inlet Pretrial (where Mr. Lampley was housed from mid January 1998 until into 1999) does not have a "common telephone"; d) the inmates of "Bravo" module are allowed to use the telephone outside their cells; e) the inmates of "Bravo" module are chained whenever they are outside their cells; and f) Cook Inlet Pretrial maintains a log of entrances and exits to the modules.

FURTHER AFFIANT SAYETH NAUGHT.

Vasquez & Weber, P.C.
Attorneys for Defendant

By: David R. Weber,
Ak. Bar Assn. # 8409083

SUBSCRIBED AND SWORN to before me this 30th day of April 2002.

Notary Public In And For The State Of Alaska
My Commission Expires: 5/6/03

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123

Exhibit 11, Affidavit of Counsel - 2

Exhibit L
Page 47 of 51

IN THE DISTRICT COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JIMMY LAMPLEY,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF ALASKA,<br><br>    Defendant. | Case No. 3AN-S0013209 CI<br><br>**AFFIDAVIT OF MICHAEL DIENI** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss. |

**VRA CERTIFICATION:** I, David R. Weber, certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

    Michael Dieni, being duly sworn and upon oath, deposes and says:

    1.    I am a citizen of the State of Alaska and the United States, above twenty-one years of age and an attorney at law admitted to practice in the State of Alaska.

    2.    The Alaska Public Defender Agency ("PD") represented Mr. Jimmy Lampley in *State v. Lampley*, 3AN-S98-397 Cr. and on appeal in *Lampley v. State*, 33 P.3d 184 (Alaska App. 2001). I was the Assistant Public Defender assigned to work on Mr. Lampley's appeal.

EXHIBIT 12

Page 1 of 2

Exhibit L
Page 48 of 51

3. The representations of fact set forth below are from memory only. The Public Defender has temporarily misplaced my appellate file.

4. The case of *State v. Lampley*, 3AN-S98-397 Cr. Involved a series of charges alleging violation of a Domestic Violence Restraining Order in violation of AS 11.56.740. To prepare Mr. Lampley's appeal I reviewed the entire record, including discovery supplied by the State of Alaska. The charges resulted from letters Mr. Lampley allegedly wrote to the petitioner from jail in violation of the Domestic Violence Restraining Order.

5. The claims I pressed on appeal primarily involved the legal effect of a misdated Domestic Violence Retraining Order and limitations on Mr. Lampley's ability to challenge the efficacy of that Order at trial. In addition I asserted a claim that Mr. Lampley's sentencing was excessive.

6. I have no recollection of any claim in the record at the trial court [*"trial"* handwritten correction above "trail"] based upon the First Amendment. In addition, I have no recollection of thinking of challenging the constitutionality of Mr. Lampley's conviction on freedom of speech grounds. The absence of this issue on appeal was not a tactical choice.

FURTHER AFFIANT SAYETH NAUGHT:

_____
By: Michael Dieni
AK Bar Assn Number _____

SUBSCRIBED AND SWORN to before me this 5th day of November, 2002.

_____
Notary Public In and For The State of Alaska

2

EXHIBIT ___12___
Page __2__ of __2__

Exhibit L
Page 49 of 51

IN THE DISTRICT COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JIMMY LAMPLEY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> STATE OF ALASKA, ) <br> ) <br> Defendant. ) | Case No. 3AN-S0013209 CI <br><br> **AFFIDAVIT OF MICHAEL DIENI** |
| STATE OF ALASKA ) <br> ) ss. <br> THIRD JUDICIAL DISTRICT ) | |

**VRA CERTIFICATION**: I, David R. Weber, certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any crime unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

Michael Dieni, being duly sworn and upon oath, deposes and says:

1. I am a citizen of the State of Alaska and the United States, above twenty-one years of age and an attorney at law admitted to practice in the State of Alaska.

2. The Alaska Public Defender Agency ("PD") represented Mr. Jimmy Lampley in *State v. Lampley*, 3AN-S98-397 Cr. and on appeal in *Lampley v. State*, 33 P.3d 184 (Alaska App. 2001). I was the Assistant Public Defender assigned to work on Mr. Lampley's appeal.

EXHIBIT 12

Exhibit L
Page 50 of 51      Page 1 of 2

3. The representations of fact set forth below are from memory only. The Public Defender has temporarily misplaced my appellate file.

4. The case of *State v. Lampley*, 3AN-S98-397 Cr. Involved a series of charges alleging violation of a Domestic Violence Restraining Order in violation of AS 11.56.740. To prepare Mr. Lampley's appeal I reviewed the entire record, including discovery supplied by the State of Alaska. The charges resulted from letters Mr. Lampley allegedly wrote to the petitioner from jail in violation of the Domestic Violence Restraining Order.

5. The claims I pressed on appeal primarily involved the legal effect of a misdated Domestic Violence Retraining Order and limitations on Mr. Lampley's ability to challenge the efficacy of that Order at trial. In addition I asserted a claim that Mr. Lampley's sentencing was excessive.

6. I have no recollection of any claim in the record at the trial court [*mpD*, *trial* handwritten corrections] based upon the First Amendment. In addition, I have no recollection of thinking of challenging the constitutionality of Mr. Lampley's conviction on freedom of speech grounds. The absence of this issue on appeal was not a tactical choice.

FURTHER AFFIANT SAYETH NAUGHT:

By: Michael Dieni
AK Bar Assn Number _____

SUBSCRIBED AND SWORN to before me this 15th day of November, 2002.

Karen L. Hollingshead
Notary Public In and For The State of Alaska

2

Exhibit L
Page 51 of 51

EXHIBIT     12
Page   2   of   2