Tamara E. de Lucia
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tamara_delucia@law.state.ak.us

Attorney for Respondent Scott J. Norstrand

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JIMMY A. LAMPLEY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MARC ANTRIM, and )<br>SCOTT J. NORSTRAND, )<br>)<br>Respondent. )<br>_____ ) | Case No. 3:05-cv-00293-RRB<br><br>MOTION TO DISMISS CLAIMS FROM AMENDED HABEAS PETITION |

A.  Introduction

Lampley filed in this court a *pro se* petition seeking a writ of habeas corpus. In this petition, Lampley seeks to vacate his Alaska convictions for 13 counts of violating a domestic violence restraining order (DVRO). *See* AS 11.56.740. Counsel subsequently was appointed for Lampley, and this court directed counsel to file an amended petition. Lampley's amended petition appears to raise five claims: (1) his 13 convictions for violating a DVRO violated

his freedom of speech as the DVRO restricted his ability to write letters to D.M.; (2) the Alaska District Court violated his right to due process because he was denied the opportunity to be present at the civil DVRO proceeding and was not afforded appointed counsel in his defense; (3) he was denied effective assistance of counsel during the criminal prosecution for violation of the DVRO; (4) he was precluded at trial from disputing an element of the crime charged; and (5) he was denied his right to self-representation and forced to proceed with counsel that he did not trust. [Docket No. 9 at 5-12]

Respondents ask this court to dismiss as procedurally defaulted Lampley's first, second and third claims. Respondents ask this court to dismiss Lampley's fourth and fifth claims as Lampley has failed to exhaust his state remedies with respect to those claims.

B.  Factual And Procedural Background

*1.  The Convictions*

Jimmy Lampley's girlfriend, D.M., obtained a short-term (20-day) DVRO after Lampley assaulted her. [Exh. A] The order, which was served on Lampley while he was in custody following the assault, prohibited him from contacting D.M. in any manner. After having been served with the order, Lampley wrote 11 letters to D.M., which included several threats against her and in which he acknowledged that he was violating the order. [Exhibit B]

D.M. then obtained a long-term (6-month) DVRO. [Exhibit C] After being served with the long-term DVRO, Lampley wrote two more letters to D.M. Lampley was charged with, and convicted of, 13 counts of violating the DVRO for his repeated contact with D.M. His convictions were affirmed by the Alaska Court of Appeals on direct appeal. [Exhibit K (*Lampley v. State,* 33 P.3d 184, 185 (Alaska App. 2001))] The Alaska Supreme Court denied his petition for hearing from the court of appeals' opinion. [Attachment C (*Order* dated January, 8 2002, *filed in Lampley v. State*, Alaska Supreme Court No. S-10389)]

   2.   *Lampley's Appeal*

Lampley's direct appeal to the Alaska Court of Appeals raised four issues: (1) the trial court should have granted his motion for acquittal based upon a clerical error in the DVRO document; (2) he was precluded from disputing an element of the crime charged before the jury; (3) he was denied his right to self-representation and forced to proceed with counsel whom he did not trust; and (4) his sentence was excessive. The Alaska Court of Appeals rejected Lampley's claims and upheld the convictions and sentence. *See Lampley*, 33 P.3d at 185.

With respect to his first and second claims on appeal, Lampley argued that because the magistrate had mistakenly dated the initial short-term DVRO "January 7, 1997" rather than "January 7, 1998," he was not subject to

the terms of the order in 1998, and should have been permitted to argue this issue before the jury. *Lampley*, 33 P.3d at 185. He argued that the trial court's refusal to allow him to present that point to the jury was tantamount to a directed verdict in favor of the government on an element of the offense. *Id.* at 185. The Court of Appeals found that at trial Lampley had conceded that the "1997" date was a clerical mistake and that Lampley's argument was not an assertion as to the facts, rather an assertion about the legal meaning of the mistake. *Id.* at 186-87. As such, the effect of the clerical error was a legal question for the trial court to decide rather than a factual one. *Id.* at 187. Therefore the trial court did not err in disallowing Lampley to argue this issue to the jury. *Id.* at 185-186.

On the issue of self-representation, the Alaska Court of Appeals found that the trial court properly allowed Lampley to act as co-counsel during trial as an alternative to allowing him to exclusively represent himself. *Lampley*, 33 P.3d at 189. His disruptive behavior – including threatening the judge twice during proceedings – warranted denial of permission for Lampley to independently represent himself. *Id.* at 187-89. Finally, with regard to the appeal of his sentence, the court concluded that the trial court's characterization of Lampley as a "worst offender" was reasonable and his composite sentence of 20 months to serve was not excessive. *Id.* at 189-90.

Lampley sought review by the Alaska Supreme Court, but only of the Alaska Court of Appeals' affirmation of the trial court's determination that Lampley was incapable of representing himself because he was incapable of conducting his trial without being unduly disruptive. [Attachment B (*Petition for Hearing*, dated October 31, 2001, *filed in Lampley v. State*, Alaska Supreme Court File No. S-10389)] The Alaska Supreme Court denied Lampley's petition for a hearing from this decision. [Attachment C (*Order,* dated January 8, 2002, *filed in Lampley v. State*, Alaska Supreme Court File No. S-10389)]

   3.   *Lampley's Post-Conviction Relief Application*

During the pendency of his direct appeal, Lampley on December 26, 2000, submitted a *pro se* application for post-conviction relief. [Exhibit H] Counsel was appointed to represent Lampley. An amended application was filed on April 30, 2002. A second amended application for post-conviction relief was filed on November 18, 2002. [Exhibit L] Lampley's second amended post-conviction relief application raised four grounds for relief: (1) his convictions for violating the short and long-term DVRO violated his constitutional right to free speech; (2) he was denied his due process right to be present at the long-term DVRO hearing (because he was incarcerated at the time) and to appointed counsel; (3) his trial and appellate counsel provided ineffective assistance in two ways, first by failing to raise the freedom-of-speech argument both in the trial

court and on direct appeal and, second, because of a purported conflict of interest on the part of his trial and appellate counsel; and (4) the Alaska Department of Corrections denied Lampley due process by refusing to restore good-time credit forfeited as a result of a disciplinary violation.

The Alaska Superior Court denied Lampley's application for post-conviction relief. [Exhibit M]  The Court of Appeals affirmed that decision. [Exhibit N (*Lampley v. State*, M.O. & J. No. 4968 (February 16, 2005))]

The Alaska Court of Appeals held first that Lampley was barred from arguing, for the first time in an application for post-conviction relief, that the underlying DVRO violated his constitutional right to freedom of speech. *Lampley*, mem. op. at 4.  Second, the Alaska Court of Appeals held that Lampley was also barred from raising his due process arguments for the first time in an action for post-conviction relief.  *Id.*  The Alaska Court of Appeals based these two holdings on AS 12.72.020(a)(2), which provides that a "claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if . . . the claim was, or could have been but was not, raised in a direct appeal from the proceeding that resulted in the conviction."

Third, with respect to his ineffective-assistance-of-counsel claims, the court held that Lampley had failed to preserve his claim that his attorneys labored under alleged conflicts-of-interest. *Lampley,* mem. op. at 4-9.  During

the trial proceedings, the trial court had twice conducted hearings to determine whether a conflict existed and had found that there was no justification for trial counsel to withdraw because there was no prejudicial conflict of interest. *Lampley*, mem.op. at 6.  Any challenge to the trial court's ruling was required under AS 12.72.020(a)(2) to be brought in a direct appeal and was procedurally barred from being raised for the first time in an application for post-conviction relief.  *Id.* at 6.  Concerning the claim that his appellate counsel had a similar conflict, the Alaska Court of Appeals noted that Lampley had failed to raise this particular claim in his application for post-conviction relief.  *Id.* at 7.

Lampley's ineffective-assistance claims against his trial and appellate counsel for failure to raise a freedom-of-speech challenge to the DVRO were also rejected by the Alaska Court of Appeals.  The court concluded that Lampley failed to provide legal authority indicating that all competent attorneys would have challenged the protective orders on freedom-of-speech grounds, and thus rejected the argument on the basis that Lampley had failed to plead a *prima facie* case that his attorneys had been incompetent.  *Lampley,* mem. op. at 9.

Lampley filed a petition for hearing with the Alaska Supreme Court seeking review of the Alaska Court of Appeals' decision.  He raised the free-speech claim, his ineffective-assistance-of-counsel claims, and the claim

regarding the Alaska Department of Correction's refusal to restore good-time credit. [Attachment A (*Petition for Hearing,* dated February 28, 2005, *filed in Lampley v. State,* Alaska Supreme Court File No. S-11849)] The Alaska Supreme Court summarily denied Lampley's petition for a hearing. [Exhibit O]

    C.    <u>Lampley's Habeas Petition</u>

Lampley's amended habeas petition appears to raise five claims: (1) the short and long-term DVRO imposed a constitutionally overbroad restriction on his freedom of speech; (2) his right to due process was violated because he was denied the opportunity to be present at the civil long-term DVRO proceeding, and because the court did not appoint counsel in his defense at that proceeding; (3) he was denied effective assistance of counsel during the criminal prosecution for violation of the DVRO; (4) he was precluded from disputing an element of the crime charged before the jury; and (5) he was denied his right to self-representation and forced to proceed with counsel that he did not trust. [Docket No. 9 at 5-12]

    D.    <u>Lampley Has Not Exhausted His State Remedies With Respect To His  Fourth Claim</u>

Lampley claims that he was denied the opportunity to dispute an element of the offense. [Docket No. 9 at 10] A petitioner must have exhausted his state-court remedies before including a claim in a federal habeas petition.

28 U.S.C. § 2254(b).  This claim was not fairly presented to the Alaska Supreme Court, and therefore has not been exhausted.

A habeas petitioner satisfies the exhaustion requirement only when he has "fairly presented" the substance of his federal claim to the state's highest court.  *Picard v. Conner*, 404 U.S. 270, 277-78, 92 S.Ct. 509, 513-14 (1971); *Zichko v. Idaho,* 247 F.3d 1015, 1022 (9th Cir. 2001).  It must be clear "from the petition filed at *each* level in the state court system that the petitioner is claiming the violation of the federal constitution that the petitioner subsequently claims in the federal habeas petition."  *Galvan v. Alaska Department of Corrections*, 397 F.3d 1198, 1204 (9th Cir. 2005) (emphasis added).

Lampley argued in his direct appeal that he was prevented from disputing an element of the offense.  [Exhibit G]  The Alaska Court of Appeals held that his tactics at trial undermined that claim on appeal and rejected his argument.  *Lampley,* 33 P.3d at 185-87.  Lampley's petition for hearing to the Alaska Supreme Court, however, did not raise this issue.  The sole issue brought before the Alaska Supreme Court in Lampley's petition for hearing was whether his right to self-representation was violated.  [Attachment B, (*Petition for Hearing*, dated October 31, 2001, *filed in Lampley v. State*, Alaska Supreme Court File No. S-10389)]

This court therefore should dismiss Lampley's claim that he was precluded from disputing an element of the offense as it was not properly exhausted.

E. <u>Lampley Has Not Exhausted His State-Court Remedies With Respect To His Fifth Claim – That He Was Denied The Right To Self-Representation At Trial</u>

Lampley's amended petition states that Lampley's right to self-representation was denied by the Alaska courts. [Docket No. 9 at 12] Because Lampley did not exhaust this claim by raising the alleged federal nature of his constitutional challenge to either the Alaska Court of Appeals or to the Alaska Supreme Court, his claim should be dismissed.

To fairly present a federal constitutional issue in state court, and thereby satisfy the exhaustion requirement, a petitioner must alert the state court to the fact that he is asserting a claim under the United States Constitution. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888 (1995); *Galvan,* 397 F.3d at 1201-02. To sufficiently alert the state court, "there must be an explicit reference to federal law" by expressly indicating that the claim is a federal claim. *Reese v. Baldwin*, 282 F.3d 1184, 1191 (9th Cir. 2002).

In his direct merit appeal to the Alaska Court of Appeals, Lampley cited one federal case for the proposition that "generally a defendant has a right to self representation." [Exhibit G at 25] Nowhere did Lampley cite to the

United States Constitution; rather he raised his challenge exclusively under the Alaska Constitution.  [Exhibit G at 26]  Lampley also did not allege that his federal constitutional right had been violated.  [Exhibit G at 25-26]  His one federal case law citation cannot be properly viewed as alerting the Alaska Court of Appeals to the fact that Lampley was asserting a federal constitutional claim based on the deprivation of his right to represent himself under the 6th Amendment.  Notably, the Alaska Court of Appeals' decision relied only on state law precedent to find the right to self-representation is not absolute.  *Lampley*, 33 P.3d at 189.

In his petition to the Alaska Supreme Court, Lampley made an argument identical to that which he raised before the Alaska Court of Appeals.  There is no mention, cursory or otherwise, of any federal constitutional claim.  [Attachment B at 4-7 (*Petition for Hearing*, dated October 31, 2001, *filed in Lampley v. State*, Alaska Supreme Court File No. S-10389)]  Lampley did not fairly present to the Alaska Supreme Court the federal constitutional claim that he is now asserting in his habeas petition.  Accordingly, he has not exhausted his state-court remedies.

F.   Lampley Has Procedurally Defaulted His First, Second And Third Claims

Lampley's three additional claims – that his freedom of speech rights were violated by the DVRO orders; that he was denied his right to due process because he was not present at the long-term DVRO hearing and was not appointed counsel at that civil proceeding; and that he received ineffective assistance of trial and appellate counsel because of an alleged conflict of interest are procedurally defaulted. [Docket No. 9 at 5, 6-7, 8] Because Lampley did not raise the freedom-of-speech and due process arguments at trial or on direct appeal, and brought them instead for the first time in an application for post-conviction relief, he has procedurally defaulted those claims. With respect to the ineffective-assistance-of-counsel claim, because this claim was predicated on an alleged conflict of interest that was explored during the trial proceedings, and therefore should have been challenged in his direct appeal, Lampley was again barred from raising the claim for the first time in a post-conviction relief application. Therefore, Lampley has also procedurally defaulted this claim. Lampley has also failed to exhaust his state-court remedies with respect to the entirety of his ineffective-assistance of counsel claims, as he did not alert the Alaska Court of Appeals or Alaska Supreme Court to the federal nature of his claims.

    1.    *Exhaustion And Procedural Default*

As noted previously, a petitioner must have exhausted his state-court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b). Unless a petitioner has properly exhausted his state-court remedies relative to a particular claim, a federal district court cannot grant relief on that claim. 28 U.S.C. § 2254(b)(2).

A claim is not properly exhausted if a petitioner actually pursued a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural grounds. *Coleman v. Thompson,* 501 U.S. 722, 731-732, 111 S.Ct. 2546, 2555 (1991). When a claim is not properly exhausted, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731, 111 S.Ct at 2555. The federal court is barred from considering these unpursued claims in the habeas action, unless the defendant establishes "cause and prejudice" for his state-court procedural default. *See Teague v. Lane*, 489 U.S. 288, 297-98, 109 S.Ct. 1060, 1067-68 (1989). A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was both legitimate cause for the default and that prejudice resulted from the default. *Coleman,* 501 U.S. at 731, 111 S.Ct. at 2555.

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct 2639, 2645 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596 (1982).

> 2.  *Lampley Procedurally Defaulted His Freedom-Of-Speech And Due Process Claims In State Court*

Lampley raised his freedom of speech and due process challenges to the DVRO for the first time in his application for post-conviction relief. Under AS 12.72.020(A)(2), a defendant may not assert a claim for post-conviction relief when "the claim was, or could have been but was not, raised in a direct appeal from the proceeding that resulted in the conviction." Because Lampley could have asserted his free-speech and due process challenges to AS 11.56.740 in his direct appeal, but did not do so, the Alaska Court of Appeals concluded that AS 12.72.020(a)(2) barred him from bringing the claim in a post-conviction relief application. *See Lampley*, mem. op. at 3-4. Because his claims were not properly brought before the court, the Alaska Court of Appeals properly declined

to reach further discussion on his free speech and due process claims and did not reach the merits of those claims.

Because Lampley failed to properly raise this claim in the state courts, he is now barred from raising this issue before this court due to procedural default. Lampley has not alleged and cannot establish "cause and prejudice" for his state-court procedural default and accordingly, Lampley's first and second claims should be dismissed.

3. *Lampley Has Procedurally Defaulted His Ineffective-Assistance Claim Against His Trial Counsel Based On An Alleged Conflict-Of-Interest*

Lampley asserts that his trial lawyer labored under a conflict of interest because Lampley was assaulted in jail by a man who was also represented by the Alaska Public Defender Agency (the same agency that represented Lampley) and because his trial lawyer was a potential witness against Lampley regarding an assault he committed in her presence. *Lampley*, mem. op. at 5. Lampley appears to be raising the same claim in his federal habeas petition. [Docket No. 9 at 8] The trial court conducted hearings to determine the extent of the alleged conflicts and whether Lampley's lawyer should be permitted to withdraw. *Lampley,* mem. op. at 6. With respect to both allegations, the trial court concluded no prejudicial conflict existed and the attorney-client relationship was not prejudicially affected. *Id.* at 6.

The Alaska Court of Appeals held that because Lampley had not challenged the trial court's rulings regarding the alleged conflict in his direct appeal, he was barred from raising the claim for the first time in a post-conviction relief application. *Lampley*, mem. op. at 6. Lampley has procedurally defaulted this claim. Lampley has not established, and cannot establish, "cause and prejudice" for his state-court procedural default. This court should dismiss this claim with prejudice as procedurally defaulted.

4. *Lampley Has Procedurally Defaulted His Ineffective-Assistance Claim Based On An Alleged Conflict-Of-Interest With Respect To His Appellate Counsel*

Lampley asserts that his appellate counsel labored under the same conflict of interest as his trial lawyer because his appellate counsel was also employed by the Alaska Public Defender Agency. Lampley appears to be raising that claim in his amended petition as well. [Docket No. 9 at 8] Such a claim could have been raised in an application for post-conviction relief pursuant to AS 12.72.010. Lampley failed to properly raise this claim in his state post-conviction relief application and is therefore barred from bringing this claim in his habeas petition.

The Alaska Court of Appeals noted that Lampley's application for post-conviction relief did not specifically make any allegations against his appellate counsel based on a conflict of interest. *Lampley,* mem. op. at 7.

Because Lampley failed to raise this claim in the state courts, he is now barred from raising this issue before this court due to his procedural default. Lampley has not alleged "cause and prejudice" for his state-court procedural default, accordingly, this claim should be dismissed.

G. <u>Lampley Has Not Properly Exhausted His Ineffective-Assistance Claims Due To His Failure To Indicate The Federal Nature Of His Claims In State Court</u>

In his amended petition, Lampley appears to claim that he was denied his right to effective assistance of counsel due both to a failure of appellate and trial counsel to raise a freedom-of-speech challenge to the DVRO and to an alleged conflict of interest on the part of both trial and appellate counsel. [Docket No. 9 at 8] Lampley did not indicate the federal nature of his constitutional claims of ineffective assistance before the Alaska Court of Appeals or the Alaska Supreme Court and as such has not exhausted these claims.

In his brief to the Alaska Court of Appeals, challenging the Alaska Superior Court's denial of his application for post-conviction relief, Lampley addressed both prongs of his ineffective-assistance-of-counsel claims using only an analysis of state law. [Attachment D at 19-21 (*Brief of Appellant*, dated October 24, 2003, *filed in Lampley v. State*, Alaska Court of Appeals File No. A-8629)] Further, in his petition for hearing to the Alaska Supreme Court seeking review of the Alaska Court of Appeals' decision, Lampley did not allege any

federal constitutional claim with respect to either prong of his ineffective-assistance-of-counsel argument.  [Attachment A at 8-9 (*Petition for Hearing,* dated February 28, 2005, *filed in Lampley v. State,* Alaska Supreme Court File No. S-11849)]  Lampley failed to properly alert the state courts to the federal nature of his ineffective-assistance claim on either of the grounds that he cites, and is therefore barred from bringing this claim in his habeas petition.

A petitioner does not satisfy the exhaustion requirement by "mere statement of a federal claim in state court"; exhaustion requires more than notice. *Keeny v. Tamayo-Reyes*, 504 U.S. 1, 10, 112 S.Ct. 1715, 1720 (1992).  The petitioner must make "explicit reference to federal law," and expressly indicate that the claim is a federal claim. *Reese v. Baldwin*, 282 F.3d 1184, 1191 (9th Cir. 2002).  Lampley made a cursory citation only to the United States Constitution in his ineffective-assistance argument to the Alaska Court of Appeals. [Attachment D at 19-21 (*Brief of Appellant*, dated October 24, 2003, *filed in Lampley v. State*, Alaska Court of Appeals File No. A-8629)]  Lampley did not specifically allege a violation of his federal constitutional right to effective-assistance of counsel under the Sixth Amendment anywhere in his argument to the Alaska Court of Appeals or to the Alaska Supreme Court.

In order to satisfy the exhaustion requirement, a petitioner must also alert the state's highest court to the fact that he is asserting a claim under the

United States Constitution. *See Duncan v. Henry*, 513 U.S. 364, 365-66, 115 S.Ct. 887, 888 (1995); *Galvan v. Alaska Department of Corrections,* 397 F.3d 1198, 1201-02 (9th Cir. 2005). Lampley's petition to the Alaska Supreme Court is devoid of any discussion that he was claiming that his trial and appellate counsel rendered ineffective assistance under the federal constitution. Because Lampley failed to fulfill the exhaustion requirement by alerting the state's highest court to the federal nature of his constitutional claim, his claim should be dismissed.

    H.    <u>Conclusion</u>

    For the reasons set forth above, this court should dismiss Lampley's petition for writ of habeas corpus.

    DATED March 3, 2006 , at Anchorage, Alaska.

    DAVID W. MÁRQUEZ
    ATTORNEY GENERAL

    <u>s/ Tamara E. de Lucia</u>
    Assistant Attorney General
    State of Alaska, Dept. of Law
    Office of Special Prosecutions
       and Appeals
    310 K Street, Suite 308
    Anchorage, Alaska 99501
    Telephone: (907) 269-6250
    Facsimile: (907) 269-6270
    e-mail: Tamara_deLucia@law.state.ak.us
    Alaska Bar. No. 9906015

**Certificate of Service**

I certify that on March 3, 2006, a copy of the foregoing Motion to Dismiss Claims from Amended Habeas Petition was served electronically on **Douglas H. Kossler, David R. Weber and Tamara E. de Lucia**.

s/ **Tamara E. de Lucia**