IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JIMMY A. LAMPLEY, ) | |
|         Petitioner, ) | |
| vs. ) | |
| MARC ANTRIM, and ) | |
| SCOTT J. NORDSTRAND, ) | |
|         Respondents ) | Case No.: A05-293 Cv. (RRB) |

### MOTION FOR EVIDENTIARY HEARING DISCOVERY AND MEMORANDUM IN SUPPORT THEREOF

COMES NOW Jimmy A. Lampley, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and submits this, his Motion For Evidentiary Hearing, Discovery And Memorandum In Support Thereof. Mr. Lampley requests an evidentiary hearing on this matter. Any such hearing should follow discovery.

Mr. Lampley was never afforded discovery or a hearing in his State Post Conviction Relief ("PCR") action. Though faulted by the trial Court for not providing it with information in the custody & control of the State of Alaska (e.g. Department of Corrections ("DOC")practices regarding allowing transportation to or telephonic appearance at civil domestic violence hearings.), Mr. Lampley could not begin discovery until the State Court issued its ruling on the State's Motion to Dismiss.

Due to the summary disposition of the case in State Court, certain facts were not investigated. Others, requiring a hearing record to establish them never got a hearing in State Court. Finally, to the extent items in the State Court record need to

be made part of this record a hearing is needed. Items requiring discovery and/or presentation are set forth below.

1. While counsel can represent that a sampling of Domestic Violence Restraining Order cases revealed prior restraints on speech that lacked any time, place or manner restrictions approximately 85% of the time, counsel cannot give evidence. Demonstration that Mr. Lampley's complaint is of a systematic failure will require a file sampling and submission of findings. An appointed defense asset can conduct the research. A hearing will be needed to present it.

2. DOC practices in 1998 regarding allowing transportation to or telephonic appearance at civil domestic violence hearings are best established in discovery. That discovery will reveal the best method of presenting the information to the Court at a hearing.

3. Mr. Lampley's various statements to the Alaska Court concerning the conflict of interest the Alaska Public Defender had need to be secured from the audio record of the Alaska Court. That information needs to be presented to this Court at a hearing.

4. Mr. Lampley needs to establish the *boni fides* of the assault upon him by the Alaska Public Defender client in 1998. DOC records and police reports of the incident are in the possession of the State. That discovery will reveal the best method of presenting the information to the Court at a hearing.

5. Further items may need discovery and to be established at a hearing. Mr. Lampley made 42 separate allegations of fact in his Supplemental filing. The State has not joined issue with these

1 allegations because it has not filed an Answer. Consequently, Mr.
2 Lampley does not know what facts are at issue. Assuming the State
3 were to deny all the facts asserted by Mr. Lampley, there would need
4 to be a hearing to take evidence on those disputed points of fact.
5 Respectfully submitted this 3rd day of April 2006.

Vasquez & Weber, P.C.
Attorneys for Jimmy Lampley
S/: David R. Weber,
943 West 6th Ste. 132
Anchorage, Alaska 99502
(907) 279-9122/9123 fax
vw.law@acsalaska.net
Ak. Bar Assn. No. 8409083

CERTIFICATE OF SERVICE

I certify that on April 3, 2006 electronic service of a copy of this Motion For Evidentiary Hearing, Discovery And Memorandum In Support Thereof and a Proposed Order were provided to the Court for all counsel of record pursuant to Criminal Rule 49(b), Civil Rule 5(b)(2)(D) and Local Rules 5, 5.1(a) and 5.2(c)(2).

S/: David R. Weber