IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JIMMY A. LAMPLEY,                          )
                                           )
                    Petitioner,            )
                                           )
        vs.                                )
                                           )
MARC ANTRIM, and                           )
SCOTT J. NORDSTRAND,                       )
                                           )
                    Respondents            )
_____    )    Case No.: A05-293 Cv. (RRB)

## OPPOSITION TO STATE OF ALASKA'S MOTION TO DISMISS

COMES NOW Jimmy A. Lampley, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and submits this, his Opposition To The State Of Alaska's Motion To Dismiss.  With one exception, the State's motion should be denied.

Respondent claims that Mr. Lampley failed to pursue, and thus exhaust his fourth claim in the Alaska State Courts.[1]  Respondent claims that Mr. Lampley failed to federalize, and thus exhaust, two (3 and 5) of his claims in the Alaska State Courts.  Respondent asserts that claims 1, 2 and a subset of 3 (conflict of interest) were not exhausted due to a procedural default.

## I.    Legal Overview

To be heard in Federal Court, Mr. Lampley must have fairly presented his federal claims to the Alaska Supreme Court.  Baldwin v. Reese, 541 U.S. 27

---

[1]    The claims may be characterized for organizational purposes as: 1) Speech; 2) Due Process and the DVRO hearings; 3) Ineffective Assistance of Counsel ("IAC"); 4) Directed finding of a factual element; and 5) Representation.  Petitioner takes issue with the Respondent's restatement of his claims and the Respondent will no doubt take issue with Petitioner's shorthand.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASK.NET

(2004); Duncan v. Henry, 513 U.S. 364, 365 (1995).  Mr. Lampley was obliged to alert Alaska's Courts that he was asserting a Federal claim in order to fairly and fully present the legal basis of the claim.  Duncan v. Henry, 513 U.S. 364, 365-66, (1995).  Mr. Lampley was obliged to make the Federal basis of the claim explicit, either by specifying particular provisions of the Federal Constitution or statutes, or by citing Federal case law. Lyons v. Crawford, 232 F.3d 666, 668. 670 (9th Cir. 2000), modified by 247 F.3d 904 (9th Cir. 2001).  However, once Mr. Lampley makes that explicit reference, even if he relied predominantly on Alaska law before the Alaska Courts, he has still "federalized" his claim.  Jones v. Smith, 231 F.3d 1227, 1231 (9th Cir. 2000).

A state rule precluding review of a federal claim may result in a procedural default of that claim.  Coleman v. Thompson, 501 U.S. 722, 735 (1991).  The law at the time when Mr. Lampley filed his direct appeal governs evaluating whether there was a procedural default.  Calderon v. United States Dist. Court, 96 F.3d 1126, 1131 (9th Cir. 1996).  That law must provide "an adequate and independent state law basis" underlying a state court's denial of relief before the procedural default rule can apply.  Coleman v. Thompson, 501 U.S. 722, 729 - 30 (1991): Park v. California, 202 F.3d 1146, 1151 (9th Cir. 2000).

However, unless the state procedural rule was "firmly established and regularly followed", it is not an adequate bar to Federal review.  Ford v. Georgia, 498 U.S. 411, 424 (1991); Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999).  If governing standards or discretion cannot be gleaned "according to standards that, at least over time, can become known and understood within reasonable operating limits" the rule is inadequate to bar Federal review.  Morales v. Calderon, 85 F.3d 1387, 1392 (9th Cir. 1996); Wood v. Hall, 130 F.3d 373, 377 (9th Cir. 1997).  State

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

1  rules that are selectively or are so unsettled due to ambiguous or changing state

2  authority are inadequate to create a bar to Federal review.  Id.

3      Procedural default is an affirmative defense.  Respondent has the burden of

4  showing that the default constitutes an adequate and independent ground for

5  denying Mr. Lampley's claims. Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir.

6  2003).  "[B]ecause it is the State who seeks dismissal based on the procedural bar,

7  it is the State who must bear the burden of demonstrating that the bar is applicable -

8  - in this case that the state procedural rule has been regularly and consistently

9  applied in habeas actions." Bennett v. Mueller, 322 F.3d 573, 585-86 (9th Cir.

10  2003), cert. denied, 540 U.S. 938 (2003).  In addition, the procedural bar must be

11  "well established." Insyxiengmay v. Morgan, 403 F.3d 657, 666 (9th Cir. 2005).

12  New interpretations of old rules are not. Collier v. Bayer, 408 F.3d 127 (9th Cir.

13  2005).

14      Even if Respondent can meet the burden noted above, Mr. Lampley's claims

15  can still be heard if the procedural default is excused.  If Mr. Lampley

16  demonstrates "cause for the default and actual prejudice as a result of the alleged

17  violation of federal law, or demonstrate that failure to consider the claims will

18  result in a fundamental miscarriage of justice" his Federal claim may be heard.

19  Coleman v. Thompson, 501 U.S. at 750.  See, Boyd v. Thompson, 147 F.3d 1124,

20  1126 (9th Cir. 1998).

21  ## II.    Disputed Facts

22      In opposing Respondent's motion, Petitioner takes issue with several

23  asserted judicial findings of fact.  In order for a state court finding of fact to be

24  presumed correct, there must have been a full and fair hearing on the merits of the

25  claim. Sumner v. Mata, 449 U.S. 539, 546 (1981); Norris v. Riley, 878 F.2d 1178,

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

1  1180-81 (9th Cir. 1989). There was no hearing in the Alaska State Courts at which

2  these disputed facts and evidence could have been explored.

3      While not pertinent to this motion, the Respondent's representation that

4  Exhibit B contains "threats against" D.M. is disputed. "Physical harm" is implicit

5  in Respondent's use of the term threat. None are present. Certainly, nothing with

6  the constitutional gloss of a "true threat" is present in Exhibit B.

7      Conversely, Mr. Lampley did say some unfortunate things on the record that

8  the Alaska Court of Appeals interpreted to be treats against the Trial Court. While

9  what was said is a matter of record, who and what Mr. Lampley meant was far

10 from clear. Judge Finn made no findings on the point.

11     A missing fact from all of the opinions and briefing concerns the aftermath

12 of Mr. Lampley's sentencing. No Notice of Appeal was filed for a very long time.

13 Mr. Lampley finally complained long and loud enough to get a late filed Notice of

14 Appeal filed.

15     Mr. Lampley's Second Amended Application for Post Conviction Relief

16 challenged the Due Process *boni fides* of both the long and the short term DVRO

17 procedure as applied to him. Exhibit L page 14, Petition page 6, Supplement pages

18 12 - 14. Similarly, he clearly stated that Appellate counsel for the direct appeal

19 "labored under the same conflict of interests that beset Ms. Farrell." Exhibit L

20 page 20. Assertions to the contrary simply ignore Mr. Lampley's pleadings on

21 these points.

22     Respondent cites the Court of Appeals opinion concerning the Trial Court's

23 hearings regarding a conflict of interest. On July 30, 1998, Mr. Lampley appeared

24 before Judge Finn, complaining about his assault at the hands of another Public

25 Defender ("PD") client. Ms. Farrell, the PD, did not argue in favor of Mr.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VWLAW@ACSALASKA.NET

1   Lampley's point.  Rather, she noted that he wanted the PD to withdraw and that she

2   did not feel the need to.  There was no dispute about the PD representing both Mr.

3   Lampley and his assailant.  The assembled legal professionals simply did not

4   believe it to be a problem.  [Disc 3AN35-779 log 2182 – end, 3AN-35-780 log 3 –

5   1185]

6       Mr. Lampley' post conviction petition to the Alaska Supreme Court did

7   raise the Due Process issue (Claim 2).  Attachment A, pages 6 & 7.  PD appellate

8   counsel Dieni did highlight the Sixth Amendment issue on direct appeal to the

9   Alaska Court of Appeals.[2]  Exhibit G, pages 6, 12, 25 & 26.  Similarly, the petition

10  for review to the Alaska Supreme Court on direct appeal pointed to Mr. Dieni's

11  brief in discussing the violation of Mr. Lampley's "constitutional rights."

12  Attachment B at page 2 [emphasis added.][3]  The Federal case law basis (Ferretta)

13  for the right to self representation was noted.  Attachment B at page 3.  McKaskle

14  as controlling authority for the remedy was argued.  Attachment B, pages 4 – 5.

15  Finally, the conflict with United States Supreme Court Authority is given as the

16  reason to grant a hearing.  Attachment B at page 7.

17  ### III.    The Direct Appeals

18      Mr. Lampley did not present his claim concerning the directed finding of

19  fact (claim 4) to the Alaska Supreme Court.  Respondent is correct: that claim was

20  not exhausted in the Alaska State Courts.

21

22  [2]    The Sixth Amendment to the United States Constitution is listed in the Table
    of Authorities and is set forth in the Authorities Relied Upon.  Ferretta v. California,
23  422 U.S. 806, 821 (1975) is cited and argued, as is McKaskle v. Wiggins, 465 U.S. 168,
    177 (1984).

24  [3]    Given that only the self-representation issue went forward in the petition for
25  hearing, the plural necessarily referenced the State and Federal Constitutions.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

However, in seeking to dispose of Mr. Lampley's self-representation claim (claim 5), the Respondent has overlooked portions of Mr. Lampley's briefing to both the Alaska Court of Appeals and the Alaska Supreme Court. As noted above, the Sixth Amendment to the United States Constitution, <u>Ferretta v. California</u>, 422 U.S. 806 (1975) and <u>McKaskle v. Wiggins</u>, 465 U.S. 168 (1984) were brought to the attention of each Court. The Federal Sixth Amendment, self-representation issue was fairly presented in the direct appeals and is preserved for Federal review.

### IV.    Post Conviction

Mr. Lampley fairly presented the federal nature of his first three claims to the Alaska Court of Appeals and the Alaska Supreme Court. With regard to the third, ineffective assistance of counsel claim, Respondent claims Mr. Lampley failed to adequately "federalize" his claim. With regard to the first (speech) and second (Due Process at the underlying DVRO hearings) and a subset of the third (IAC) claims, Respondent claims Mr. Lampley's claims are procedurally barred by A.S. § 12.72.020(a)(2). With regard to the appellate aspect of the IAC conflict claim, Respondent claims Mr. Lampley failed to include them in his original application for PCR and has thus defaulted upon them.

### A.    Federalization of the IAC Claim

In his second PCR application, Mr. Lampley gave an overview of the constitutional basis for his claims, referencing the "constitutions of the United States and the State of Alaska." Exhibit L, page 6. Mr. Lampley's discussion of the IAC claim appears in Exhibit L at pages 16 and 18 – 25. Though mostly factual argument, the section starts with explicit citation to the "United States Const. Amend. VI and XIV" and "<u>Stickland v. Washington</u>, 466 U.S. 668, 691

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

(1984)".  Mr. Lampley goes on to cite Chapman v. California, 386 U.S. 18 (1967) when discussing the review to which he is entitled on his claim.

It is true that Mr. Lampley's discussion of IAC discusses Risher v. State, 523 P.2d 421 (Alaska 1974), as case that predates Strickland by ten years and therefore cannot be said to incorporate its analysis.  Galvan v. Alaska Department of Corrections, 397 F.3d 1198, 1202 - 3 (9th Cir. 2005).  However, Mr. Lampley also discussed State v. Jones, 759 P.2d 558 (Alaska App. 1988), a case secided four years after Stickland and which discusses it at some length, essentially equating it with Risher.

> We turn next to the substantive issues presented in this case. The seminal case for ineffective assistance of counsel in Alaska is Risher v. State, 523 P.2d 421 (Alaska 1974), which adopted a two-pronged standard for evaluating ineffective assistance of counsel claims.  The first prong requires the accused to prove that the performance of trial counsel fell below an objective standard: Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interest, undeflected by conflicting considerations.  Id. at 424 (quoting Beasley v. United States, 491 F.2d 687, 696 (6th Cir.1974)).  Risher's second prong requires a showing of prejudice: Secondly, there must be a showing that the lack of competency contributed to the conviction.  If the first burden [the burden of proving deficient performance] has been met, all that is required additionally is to create a reasonable doubt that the incompetence contributed to the outcome.  Id. at 425 (footnote omitted).
>
> The United States Supreme Court adopted a similar two-pronged standard for ineffective assistance of counsel claims in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).  With respect to the first, or "performance," prong of this standard, the Strickland Court held: When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness.  Id. at 687-88, 104 S.Ct. at 2064-65.  As to the "prejudice" prong, the Strickland Court held that:

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122      FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

[T]he appropriate test for prejudice finds its roots in the test for materiality of exculpatory information not disclosed to the defense by the prosecution, and in the test for materiality of testimony made unavailable to the defense by government deportation of a witness. The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. at 694, 104 S.Ct. at 2068 (citations omitted).

Under <u>Risher</u> and <u>Strickland</u> alike, the standard for ineffective representation is one of minimal competence. See <u>Coleman v. State</u>, 621 P.2d 869, 879 (Alaska 1980). "There are countless ways to provide effective assistance in any given case." <u>Strickland</u>, 466 U.S. at 689, 104 S.Ct. at 2065. Representation is constitutionally deficient only when it falls "outside the wide range of professionally competent assistance." Id. at 690, 104 S.Ct. at 2066. Thus, in order to prove ineffective assistance of counsel, the accused must establish a level of performance that no reasonably competent attorney would provide. <u>Brown v. State</u>, 601 P.2d 221, 234 (Alaska 1979). As the court in <u>Risher</u> stated: Lawyers may display a wide spectrum of ability and still have their performance fall within the range of competence displayed by one of ordinary training and skill in the criminal law. It is only when the ability is below the nadir of that range that we would hold it to constitute a deprivation of effective assistance of counsel. <u>Risher</u>, 523 P.2d at 424.

<u>State v. Jones</u>, 759 P.2d at 567 – 8. The <u>Jones</u> Court continues in this vein, mixing State and Federal authority.

Mr. Lampley's brief to the Alaska Court of Appeals specifically noted the Sixth and Fourteenth Amendments to the United States Constitution. Attachment D at pages 3, 7 – 9,[4] In his relevant statements of the Issues Presented For Review (e.g. numbers 6, 7, and 8) Mr. Lampley references his "right*s* to effective assistance of counsel" [emphasis added] thereby noting the dual Federal and State nature of his claims. Mr. Lampley cited the "United States Const. Amend. VI and

---

[4]    Attachment D repeats a page (vi) from Mr. Lampley's Court of Appeals brief.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

XIV" and "Stickland v. Washington, 466 U.S. 668, 691 (1984)" in his discussion of his IAC claim.  Attachment D, page 19.  What followed was primarily an attack on the factual/legal conclusions of the Trial Court.  While State v. Jones was cited, the issue was application of the appropriate standards to the pleadings, facts and law.  Hence, no extensive discussion of the applicable (and understood) standards was necessary or appropriate.  [In short, the problem giving rise to the appeal was not that the wrong standards were applied but that the standards were applied wrong.]

Mr. Lampley filed a Petition For Hearing to the Alaska Supreme Court.  Attachment A.  The nature and contents of an Alaska Petition For Hearing are very limited.  Please see, Alaska Rules of Appellate Procedure ("ARAP") 303 and 304.  It is only after a petition is granted that the matter may be properly briefed.  ARAP 305.  Yet in the title to Section III A of his Argument, Mr. Lampley specifically noted that his petition was grounded upon the decision of the United States Supreme Court.  Attachment A, page 2.  Once again, the IAC issue at hand was (for the most part) not the standards applied by the lower courts but rather the application of those standards to the facts/law and pleadings.  Mr. Lampley referenced his pleadings below, federal authority cited in preceding sections and pointed out that the decisions below failed "to address the decisions of [the Alaska Supreme Court] and the United States Supreme Court".  Finally, as required by ARAP 304, Mr. Lampley explicitly stated the ground for granting review being "the Court of Appeals has failed to comply with [. . .] the authority of the United States Supreme Court".

Mr. Lampley "federalized" his IAC claims.  They are preserved for this Court.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VWLAW@ACSALASKA.NET

**B.    Default**

    1.    IAC, Conflict and Appellate Counsel

It is true that the Alaska Court of Appeals found that Mr. Lampley did not make a convincing conflict of interest claim in his PCR application concerning PD appellate counsel.  It is not true, as Respondent asserts, that Mr. Lampley did not make a claim in his PCR application.

The Court of Appeals' decision was issued on summary disposition.  There was no discovery.  There were no hearings at which evidence was taken.  The decision assumes no further factual development could take place.  Worse, the decisions point to the lack of any indicia of difficulty between Mr. Lampley and appellate counsel when the Court of Appeals record and the Trial Court record clearly reflected the existence of the problem.

Mr. Lampley was complaining about PD representation when only the appellate lawyer represented him and prior to the filing of the opening brief.  Compare, Exhibits F and G.  Missing from the Court of Appeals' discussion is the appellate counsel's motion to withdraw and the Court of Appeals' response thereto.  Compare, Exhibits I and J.

The claim was made.  For good or ill, the claim was denied.  The claim was not defaulted.

    2.    A.S. § 12.72.020(a)(2)

Respondent relies upon A.S. § 12.72.020(a)(2) to claim that Mr. Lampley's first, second and third claims should be procedurally defaulted.  Respondent has not met its burden of establishing a procedural default.  Nor can Respondent meet its burden with respect to Mr. Lampley's PCR claims, filed in 2001 and 2002.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VWLAW@ACSALASKA.NET

1    As a starting point, it is helpful to put A.S.§ 12.72.020(a)(2) in context.  It is

2    the statute stating the "limitations" on PCR applications.  The preceding section,

3    A.S. § 12.72.010, and Alaska Criminal Rule ("A.Cr.R.") 35.1(a) are essentially

4    identical and govern the "can" of PCR relief.  A.S. § 12.72.020(a) governs the

5    "can't" of PCR relief.  Unfortunately, the authors do not seem to have compared

6    notes: A.S. § 12.72.010(a)(1) and (6) and A.Cr.R. 35.1(a)(1) and (6) seem to allow

7    PCR challenges to a conviction in violation of the constitution of the United States.

8    A.S. § 12.72.020(a)(2) has just recently begun to be interpreted to say such PCR

9    challenges are barred because they "could have" been raised on direct appeal.

10   Whatever the wisdom of such a statutory scheme and an interpretation

11   thereof (When couldn't a patently unconstitutional and thus illegal conviction have

12   been appealed?), the interpretation is novel and post dates Mr. Lampley's direct

13   appeal and PCR application.  While A.S. 12.72.020(a)(2) has been used to dismiss

14   PCR arguments that were made (implicitly or explicitly) on direct appeal, the

15   extension of the "could have been" litigated on direct appeal bar to previously un-

16   litigated claims of constitutional innocence starts with: Mr. Lampley.

17   Prior to Mr. Lampley's filing of his original appeal there were no Alaska

18   Court of Appeals or Alaska Supreme Court opinions discussing or applying A.S. §

19   12.72.020(a)(2).  There are still no published decisions directly addressing that

20   statutory subsection.  All that exist are "Memorandum Opinion and Judgments"

21   ("MO&J"), which are not precedent and cannot be cited as precedent.

22   In July of 2000, the Alaska Court of Appeals issued a decision noting only

23   that A.S. § 12.72.020(a)(2) "appears" to bar a PCR attempt to secure jail time

24   credit for pretrial release.  Arnett v. State, A-7608 (Alaska App. No. 4242, July 5,

25

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VWLAW@ACSALASKA.NET

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

1  2000).[5]  In another MO&J, a PCR was dismissed that essentially mirrored a current

2  direct appeal.  Harris v. State, A-7306 (Alaska App. No. 4278, September 20,

3  2000).  Meanwhile, in the only reported case to cite the statutory subsection,

4  Grinols v. State, 10 P.3d 600 (Alaska App. 2000), the Court noted that

5  constitutional problems could arise from failure to address claims barred by

6  another subsection of the statute, upon which the decision focused.

7      The reading of A.S. § 12.72.020(a)(2) to completely negate A.S. §

8  12.72.010(a)(1) and (6) as well as A.Cr.R. 35.1(a)(1) and (6) is novel and recent

9  development in Alaska law.  It certainly post-dates the initiation of Mr. Lampley's

10  efforts to obtain relief.  By way of example, in Gudmundson v. State, 822 P.2d

11  1328 (Alaska 1991) a claim that an underlying conviction violated constitutional

12  due process protections was allowed to advance via PCR and succeeded.

13      The most glaring "new" law for Mr. Lampley, and only Mr. Lampley,

14  concerned his IAC claim arising from his counsels' conflict of interest.  Since

15  Barry v. State, 675 P.2d 1292 (Alaska App. 1984), claims of ineffective assistance

16  of counsel have been relegated to PCRs.  The Court of Appeals acknowledged that

17  having conflicted counsel was a form of ineffective assistance of counsel.  Exhibit

18  N, page 6.  (Citing its then two and a half year old case Hutchings v. State, 53 P.3d

19  1132, 1135 (Alaska App. 2002)).  Lampley, in the face of Berry and Hutchings,

20  was procedurally defaulted for not bringing his conflict based IAC claim on direct

21  appeal.

22

23  [5]   The Court relied upon A.S. § 12.72.020(a)(6) to dismiss Mr. Arnett's
   application.  In interesting point of fact, it appears that the Ninth Circuit has
24  remanded Mr. Arnett's subsequent habeas action in an **unpublished opinion** to
   determine whether the bar was "consistently applied." Arnett v. Pugh, 92 Fed. Appx.
25  550 (9th Cir 2004)

By pointing to the novel interpretations of the law applied to Mr. Lampley, he does not relieve the Respondent of its burden to prove "that the state procedural rule has been regularly and consistently applied in habeas actions." Bennett v. Mueller, 322 F.3d. at 585. Rather, he is pointing out that Respondent has not even attempted to clear the applicable hurdle. Were Respondent to try, it should address, at a minimum, the following:

1. When and in what cases were previously un-litigated collateral challenges claiming constitution innocence of an underlying conviction dismissed based on A.S. § 12.72.020(a)(2)?

2. When and in what cases were previously un-litigated collateral challenges claiming constitutional due process violations having nothing to do with search, seizure or evidence dismissed based on A.S. § 12.72.020(a)(2)?

3. When and in what cases were collateral challenges to any species of IAC claim dismissed based on A.S. § 12.72.020(a)(2)?

4. Can A.S. § 12.72.010(a)(1) and (6) and A.Cr.R. 35.1(a)(1) and (6) be harmonized with A.S. § 12.72.020(a)(2) without making them dead letter law?

5. Other than constitutional claims sounding in IAC or newly discovered evidence, when couldn't a claim be raised on direct appeal?

6. Did A.S. § 12.72.020(a)(2), passed in 1995, overrule the Court of Appeals created procedure for IAC enunciated in Barry v. State, thus requiring all IAC claims to be raised on direct appeal?

7. What is the regularly and consistently applied policy governing when the various subsections of A.S. § 12.72.020(a) will bow to Alaska Due Process concerns under Grinols v. State, 10 P.3d 600 (Alaska App. 2000)?

Finally, the cause of any alleged default is not attributable to Mr. Lampley. He relied upon existing statutory case and rule law. His reading of the law was not novel. In addition, his longstanding dispute with the PD, which was conflicted,

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122      FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

1    and the Alaska Courts refusal to allow Mr. Lampley to be his own counsel or to

2    have any other provides cause well removed from him for his purported failures to

3    raise items on direct appeal.

4        Prejudice is manifest. This Court has Mr. Lampley's initial briefing on the

5    legal issues. Speech was denied with no effort to narrowly tailor the curtailment in

6    time place or manner. Mr. Lampley has been jailed solely as a consequence of that

7    forbidden speech. Mr. Lampley was prevented by Respondent from opposing the

8    restraint upon his speech. Respondent did not afford Mr. Lampley any

9    representation to oppose the restraint upon his speech. Respondent then jailed Mr.

10   Lampley for violation of the resultant orders. Mr. Lampley was denied the

11   effective assistance of counsel in his resistance to the above. His counsel

12   represented a hostile third party. His counsel failed to note that a case involving

13   the written word has free speech implications. He was not allowed to try to do a

14   better job himself, when repeated efforts to secure un-conflicted counsel were

15   rebuffed.

16       While some of Mr. Lampley's Federal claims are somewhat novel, at least

17   one is not. Speech is protected in this country. The decisions of the United States

18   Supreme Court dealing with freedom of speech are clear. Alaska has sidestepped

19   them all and jailed the speaker.

**III.   Conclusion**

21       Mr. Lampley has presented serious issues for determination. Thus far, they

22   have been sidestepped. Respondent urges this Court to join in the avoidance. It

23   should not. Respondent's motion should be denied.

24

25

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

Respectfully submitted this 7th day of April 2006.

Vasquez & Weber, P.C.
Attorneys for Jimmy Lampley
S/: David R. Weber,
943 West 6th Ste. 132
Anchorage, Alaska 99502
(907) 279-9122/9123 fax
vw.law@acsalaska.net
Ak. Bar Assn. No. 8409083

CERTIFICATE OF SERVICE

I certify that on April 7, 2006 electronic service of a copy of this Opposition To The State Of Alaska's Motion To Dismiss were provided to the Court for all counsel of record pursuant to Criminal Rule 49(b), Civil Rule 5(b)(2)(D) and Local Rules 5, 5.1(a) and 5.2(c)(2).

S/: David R. Weber

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122     FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET