Tamara E. de Lucia
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tamara_delucia@law.state.ak.us

Attorney for Respondents

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| JIMMY A. LAMPLEY, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 3:05-cv-00293-RRB |
| | ) | |
| vs. | ) | MEMORANDUM IN OPPOSITION |
| | ) | TO MOTION FOR EVIDENTIARY |
| MARC ANTRIM and | ) | HEARING |
| SCOTT J. NORSTRAND, | ) | |
| | ) | |
| Respondent. | ) | |

A.  Introduction

Lampley has requested an evidentiary hearing and discovery in this matter. [Docket No. 16] Lampley's request for an evidentiary hearing is not meritorious for three reasons. First, Lampley raises issues that can be resolved by reference to the state court record; second, he failed to develop the factual basis for his claims in prior state court proceedings; and third, he has not

demonstrated that his claim is based either on a new rule of constitutional law or on a factual predicate that could not have been previously discovered. *See* 28 U.S.C. § 2254(e)(2); *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th Cir. 1998). In addition, scheduling an evidentiary hearing and discovery is premature pending decision on respondent's motion to dismiss Lampley's amended habeas petition. Respondent requests that this court deny Lampley's motion for evidentiary hearing. Respondent further requests that this court disregard any new arguments or theories offered by Lampley in reply as to why he is entitled to an evidentiary hearing, as the state will not have an opportunity to address them. *See Garner v. Ford Motor Company*, 61 F.R.D. 22, 24 (D. Alaska 1973) (criticizing the practice of filing little authority in support of motion and lengthy reply replete with authority.)

    B.    <u>Lampley's Ineffective Assistance Of Counsel Claims Can Be Resolved With Reference To The State Court Record</u>

The limited function of an evidentiary hearing is to try issues of fact and such a hearing is unnecessary when only issues of law are raised. *See, e.g., Yeaman v. United States,* 326 F.2d 293 (9th Cir. 1963). And findings of fact made in state court are presumed to be correct unless a petitioner can show by clear and convincing evidence that they are erroneous. 28 U.S.C. § 2254(e)(1). An evidentiary hearing "is not required on issues that can be resolved by reference to the state court record." *Totten v. Merkle,* 137 F.3d 1172, 1176 (9th

Cir. 1998). As the Ninth Circuit has stated, "[i]t is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise." *Id.*

Lampley asserts that an evidentiary hearing is required to establish both "the conflict of interest the Alaska Public Defender had" and the "*boni fides* [sic] of the assault upon him by the Alaska Public Defender client in 1998." [Docket No. 16 at 2] Both of these requests for evidence apparently relate to Lampley's claim in his amended petition that he received ineffective assistance of counsel. [Docket No. 9 at 8] In his amended petition, Lampley asserts that his trial lawyer labored under a conflict of interest because Lampley was assaulted in jail by a man who was also represented by the Alaska Public Defender Agency (the same agency that represented Lampley) and because his trial lawyer was a potential witness against Lampley regarding an assault he committed in her presence. [Docket No. 9 at 8] Lampley raised this claim to the trial court, and Alaska District Court Judge Natalie Finn conducted hearings to determine the extent of the alleged conflicts and whether Lampley's lawyers should be permitted to withdraw. *Lampley v. State*, M.O. & J. No. 4968 at 6 (February 16, 2005), [Docket No. 9 at Exhibit N]

The trial court's factual findings on the alleged conflict of interest resulted in a finding that no prejudicial conflict existed and the attorney-client

relationship was not prejudicially affected. *Lampley v. State*, M.O. & J. No. 4968 at 6 (February 16, 2005), [Docket No. 9 at Exhibit N]. Lampley presents no reason for this court to allow him another opportunity to proffer the same information as heard by Judge Finn during the evidentiary hearings held in state court, much less clear and convincing evidence sufficient to rebut the presumption of correctness.

C. <u>Lampley Has Failed To Develop The Factual Basis For His Claims In Prior State Court Proceedings</u>

Lampley's request for an evidentiary hearing is governed by 28 U.S.C. § 2254(e)(2). It provides, in pertinent part, as follows:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A)   the claim relies on –
>
> (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii)   a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)   the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

The "failed to develop" language in the introductory sentence of § 2254(e)(2) was construed in *Williams v. Taylor*, 529 U.S. 420, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000), where the Court said it meant "lack of diligence or some greater fault" in connection with a claim made in state court. 529 U.S at 432. In other words, a defendant is not entitled to an evidentiary hearing if he has "neglected his right[]" to develop a claim. 529 U.S. at 435. *Accord Bragg v. Galaza*, 242 F.3d 1082, 1090, *modified*, 253 F.3d 1150 (9th Cir. 2001) (evidentiary hearing properly denied where petitioner has "neglected his rights in state court"). The Court said, by way of example, that the "fail to develop" language would not foreclose a claim that was undeveloped because the prosecutor had "concealed the facts." *Williams,* 529 U.S. at 434.

Lampley seeks an evidentiary hearing to argue that domestic violence restraining orders (DVRO) issued in Alaska constitute an unconstitutional restraint on speech. [Docket No. 16 at 2] Lampley argues that an evidentiary hearing is also required to establish "DOC [Department of Corrections] practices in 1998 regarding allowing transportation" to civil hearings – evidence that relates to his due process claim. [Docket No. 16 at 2] Both of these constitutional challenges are wholly undeveloped in state court and the failure to develop the claims can in no way be attributed to a secreting of facts by the state, but rather upon a failure of attributable to Lampley. Lampley

provides this court with no explanation for his failure to present this evidence in state court.

Lampley filed a direct appeal of his conviction and his convictions were affirmed by the Alaska Court of Appeals. *Lampley v. State,* 33 P.3d 184, 185 (Alaska App. 2001), [Docket No. 9 at Exhibit K]. The Alaska Supreme Court denied his petition for hearing from the court of appeals' opinion. *Lampley v. State*, Alaska Supreme Court No. S-10389 (Alaska 2002) (order, dated January 8, 2002) [Docket No. 9 at Attachment C]. Lampley did not raise his free speech or due process challenges in his direct appeal to the Alaska Court of Appeals or in his petition to the Alaska Supreme Court. *See Lampley,* 33 P.3d 184; *Lampley v. State,* Alaska Supreme Court No. S-10389 (Alaska 2002) (petition for hearing, dated October 31, 2001) [Docket No. 9 at Attachment B].

Lampley filed an application for post-conviction relief after the Alaska Court of Appeals rejected his merit appeal. Lampley raised both the argument that the DVRO in his case violated his right to freedom of speech and that the *ex-parte* hearing violated his right to due process, in his post-conviction relief application. [Docket No. 9 at Exhibit L]  The Alaska Superior Court denied Lampley's application for post-conviction relief. [Docket No. 9 at Exhibit M]

The Alaska Court of Appeals affirmed the Alaska Superior Court's denial of post-conviction relief, holding that Lampley was barred from arguing, for the first time in a post-conviction relief application, that the underlying DVRO violated either his constitutional rights to free speech or due process. *Lampley v. State*, M.O. & J. No. 4968 (February 16, 2005) [Docket No. 9 at Exhibit N]. The Alaska Court of Appeals based these two holdings on AS 12.72.020(a)(2), which provides that a "[post-conviction relief] claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if . . . the claim was, or could have been but was not, raised in a direct appeal from the proceeding that resulted in the conviction."

Lampley was afforded the opportunity to develop his claims in state court but did not do so. He does not explain why he failed to develop his claims in state court or why this court should grant an evidentiary hearing to establish evidence that was available and could have been advanced in his state court proceeding.

D.  <u>Lampley Has Not Demonstrated That His Claim Is Based On A New Rule Of Constitutional Law Or Is Based On A Factual Predicate That Could Not Have Been Previously Discovered</u>

Lampley has not only failed to satisfy the "failed to develop" hurdle of 28 U.S.C. § 2254(e)(2), he has also failed to show by affidavit or other proof that he has satisfied either paragraphs A or B of 28 U.S.C. § 2254(e)(2).

Lampley does not contend (and has not demonstrated) that his claim is based on a new rule of constitutional law or on a factual predicate that "could not have been previously discovered through the exercise of due diligence," and he does not show that the

> facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2)(A),(B). Further, he neither argues nor contends that the facts he hopes to elicit at an evidentiary hearing would be sufficient to show by clear and convincing evidence that any of the Alaska Superior Court's factual findings in the state post-conviction action are erroneous or, that a reasonable fact finder would not have found Lampley guilty of violating a domestic violence restraining order. In sum Lampley is not entitled to an evidentiary hearing.

Finally, respondent has filed a motion to dismiss Lampley's amended habeas petition and a favorable ruling on the merits of that motion will render an evidentiary hearing futile. *See United States v. Birtle,* 792 F.2d 846, 849 (9th Cir. 1986) (evidentiary hearing not required if motion, files and records of case conclusively show petitioner is entitled to no relief) (quoting 28 U.S.C. § 2255). An evidentiary hearing is unnecessary where, as in the present case, only issues of law are raised, where the factual record in the lower court is sufficient to address petitioner's claims, and where the petitioner has failed to develop his

claims in state court. *See Williams,* 529 U.S. at 432-35, *Totten,* 137 F.3d at 1176, *Yeaman,* 326 F.2d at 293. Lampley's request for an evidentiary hearing is not meritorious and should be denied by this court.

E.   Conclusion

For the reasons set forth above, Lampley's request for evidentiary hearing should be denied.

DATED May 11, 2006 , at Anchorage, Alaska.

>    DAVID W. MÁRQUEZ
>    ATTORNEY GENERAL
>
>    s/ Tamara E. de Lucia
>       Assistant Attorney General
>       State of Alaska, Dept. of Law
>       Office of Special Prosecutions
>          and Appeals
>       310 K Street, Suite 308
>       Anchorage, Alaska 99501
>       Telephone: (907) 269-6250
>       Facsimile: (907) 269-6270
>       Email: Tamara_deLucia@law.state.ak.us
>       Alaska Bar. No. 9906015

**Certificate of Service**

I certify that on May 11, 2006, a copy of the foregoing Memorandum in Opposition to Motion for Evidentiary Hearing was served electronically on **Douglas H. Kossler, David R. Weber and Tamara E. de Lucia**.

<u>s/</u> **<u>Tamara E. de Lucia</u>**