Tamara E. de Lucia
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tamara_delucia@law.state.ak.us

Attorney for Respondents

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| JIMMY A. LAMPLEY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> MARC ANTRIM and ) <br> SCOTT J. NORSTRAND, ) <br> ) <br> Respondent. ) <br> ) | Case No. 3:05-cv-00293-RRB <br><br> BRIEFING IN RESPONSE TO COURT ORDER OF 5/23/2006, DOCKET NO. 30 |

A.  Introduction

This court has directed the respondents to address questions 1-7 on page 13 of Lampley's opposition to the respondents' motion to dismiss.[1] [Docket No. 30, Docket No. 17 at p. 13] The respondent submits that the questions posed

---

[1] The order indicated that respondents were to address questions 1-17 on page 13 of petitioner's opposition to motion to dismiss.  Respondent believes

by Lampley do not bear any relationship to his habeas claims nor to the issue of whether state procedural rules that applied to his case have been consistently applied at the state court level. The state will endeavor to address the substance of Lampley's questions to the extent they are discernable, against the backdrop of the state procedural rules as applied to Lampley's case.

B.       <u>Procedural and Factual Background:</u>

1.       *The Underlying Convictions:*

Jimmy Lampley's girlfriend, D.M., obtained a domestic violence restraining order (DVRO) after Lampley physically assaulted her. [Docket No. 7 at Exhibit A] The order, which was served on Lampley while he was in custody following the assault, prohibited him from contacting D.M. in any manner. After having been served with the order, Lampley wrote 13 letters to D.M., which included several threats against her. [Docket No. 7 at Exhibit B] Lampley was charged with, and convicted of, 13 counts of violating the DVRO for his repeated contact with D.M. [Docket No. 7 at Exhibit K (*Lampley v. State,* 33 P.3d 184, 185 (Alaska App. 2001))]

---

the court's order contained a typographical error as there are only 7 numbered questions in petitioner's pleading.

2.     *Lampley's Habeas Claims To This Court:*

Lampley filed in this court a *pro se* habeas application seeking to vacate the 13 convictions. Counsel subsequently was appointed for Lampley, and filed an amended petition. Lampley's amended petition appears to raise five claims: (1) his 13 convictions for violating a DVRO violated his freedom of speech as the DVRO restricted his ability to write letters to D.M.; (2) the Alaska District Court violated his right to due process because he was denied the opportunity to be present at the civil DVRO proceeding and was not afforded appointed counsel in that proceeding; (3) he was denied effective assistance of counsel during the criminal prosecution for violation of the DVRO; (4) he was precluded at trial from disputing an element of the crime charged; and (5) he was denied his right to self-representation and forced to proceed with counsel that he did not trust. [Docket No. 9 at 5-12]

3.     *The Status of Lampley's Habeas Claims:*

Lampley has procedurally defaulted his first three claims. Lampley's first and second claims, that the underlying convictions violated his freedom of speech and due process rights, were barred by the application of a state procedural rule; *i.e.,* he did not bring them in his direct appeal of his convictions. [*See* Docket 12 at 12-19] Lampley's third claim, that he received ineffective assistance of counsel, was not preserved in state court and also barred

by a state procedural rule, *i.e.,* he did not raise an objection in either the trial court or on appeal or in his application for post-conviction relief to the trial court's factual finding that his attorney did not labor under a conflict of interest (the alleged conflict was the basis for one aspect of the ineffective assistance claim).  [*Id.*]  Additionally, the ineffective-assistance claim was generally not properly presented to the Alaska state courts as a federal claim.  [*Id.*]

Lampley failed to exhaust his fourth and fifth claims.  [*See* Docket 12 at 8-11]  His fourth claim, that he was denied an opportunity to dispute an element of the offense, was not presented to the Alaska Supreme Court.  [See Docket 12 at 8-10]  Lampley did not allege the federal nature of his constitutional challenge with respect to his fifth claim, that he was denied the right to self-representation, before the Alaska Court of Appeals or the Alaska Supreme Court.  [*See* Docket 12 at 10-11]

4. *The State Procedural Bar In AS 12.72.020 That Applied In Lampley's Case:*

Alaska Statute 12.72.010 provides the expansive scope of post-conviction relief available under Alaska law.

Alaska Statute 12.72.020 provides the limitations on post-conviction relief in state court. Specifically, AS 12.72.020(a)(2) – the rule that was applied in Lampley's case to his first three claims – provides that:

> (a) A claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if:
>
> (2) the claim was, or could have been but was not, raised in a direct appeal from the proceeding that resulted in the conviction.

The above procedural rule precludes a petitioner from raising claims in a post-conviction relief application that could have been raised in his direct appeal. Simply put, it prevents a petitioner from bypassing the remedy of a direct appeal.

In this case, Lampley was not barred from filing a merit appeal and an application for post-conviction relief, and indeed he did avail himself of those remedies. He was likewise not barred from seeking review to the Alaska Supreme Court – and he did so as well. What Lampley attempts to do now is circumvent the state court remedies, seeking relief in federal court despite his failure to adhere to state procedural rules.

Lampley's direct appeal litigated the claim that he was denied his right to self-representation and forced to proceed with counsel whom he did not trust (a claim which is now his fifth claim in his habeas petition). The Alaska Court of Appeals rejected this claim, finding that the trial court had properly denied his request to represent himself (although the trial judge did allow Lampley to act as co-counsel). *Lampley,* 33 P.3d at 189. Lampley sought review by the Alaska Supreme Court of the Alaska Court of Appeals' affirmation of the

trial court's determination that Lampley was incapable of representing himself. [Docket No. 12 at Attachment B (*Petition for Hearing*, dated October 31, 2001, *filed in Lampley v. State*, Alaska Supreme Court File No. S-10389)] The Alaska Supreme Court denied Lampley's petition for a hearing from this decision. [Docket No. 12 at Attachment C (*Order,* dated January 8, 2002, *filed in Lampley v. State*, Alaska Supreme Court File No. S-10389)]

It was at the above juncture – when Lampley was pursuing his direct appeal — that Lampley should have raised his various constitutional challenges to his convictions, but he did not.

Lampley then filed an application for post-conviction relief under AS 12.72.010. He was appointed counsel who filed a second amended application for post-conviction relief and raised for the first time ever in the case (1) his constitutional claims that his underlying convictions violated his freedom-of-speech and due process rights, and (2) that he had received ineffective assistance from both his trial and appellate counsel because they did not raise his constitutional claims and because they labored under an alleged conflict of interest.  [*See* Docket 9 at exhibit L]

The Alaska Superior Court denied Lampley's application and the Alaska Court of Appeals affirmed that decision. *Lampley v. State*, M.O. & J. No. 4968 (February 16, 2005). It was this point that the regularly and consistently

applied state procedural rule found in AS 12.72.020(a)(2) became relevant. The Alaska Court of Appeals held that Lampley should have brought his constitutional challenges (grounded in freedom-of-speech and due process) to the underlying DVRO in the direct appeal of his convictions. *Lampley,* mem.op. at 4. Lampley's failure to do so triggered the AS 12.72.020(a)(2) procedural bar.

With respect to the ineffective-assistance-of-counsel claims, the court first held that Lampley had failed to preserve his claim that his trial attorney labored under a conflict of interest, as he did not object at trial or on direct appeal or even in his application for post-conviction relief to the trial court's findings of fact that there was no conflict – findings that were made during Lampley's trial. *Lampley,* mem.op. at 4-9. The alleged conflict of interest was the basis for the ineffective-assistance-of-counsel claim and without that basis there was no ineffective assistance. *Id.* Concerning the claim that his appellate counsel labored under a similar conflict of interest, the Alaska Court of Appeals held that Lampley had failed to raise at all this particular claim in his application for post-conviction relief. *Lampley,* mem.op. at 7.

The Alaska Court of Appeals also held that Lampley failed to plead a *prima facie* case of ineffective assistance of counsel with respect to the failure of his trial and appellate counsel to raise a constitutional freedom-of-speech challenge to the underlying DVRO. *Lampley,* mem.op. at 9. The court concluded

that Lampley failed to provide legal authority that all competent attorneys would have challenged the protective orders on constitutional freedom-of-speech grounds. *Id.* Lampley then filed a petition for hearing with the Alaska Supreme Court seeking review of the Alaska Court of Appeal's decision. He raised his freedom-of-speech claim and his ineffective-assistance-of-counsel claims. [Docket No. 12 at Attachment A] The Alaska Supreme Court denied his petition. [Docket No. 9 at exhibit O]

    C.    <u>The Questions Raised In Lampley's Opposition To The State's Motion To Dismiss</u>

It appears from the substance of Lampley's questions that he is attempting to pursue essentially two claims in federal court. First, a constitutional freedom-of-speech challenge to the DVRO, and second, an ineffective-assistance-of-counsel claim against his trial and appellate counsel for failing to raise the constitutional challenge and for laboring under an alleged conflict of interest. As an initial matter, the state does not believe that any of the questions posed by Lampley bear a rational relationship to the state's showing that "the state procedural rule has been regularly and consistently applied in habeas actions." *Bennett v. Mueller,* 322 F.3d 573, 585 (9th Cir. 2003).

    **Question 1:**    When and in what cases were previously un-litigated collateral challenges claiming constitution [*sic*] innocence of an underlying conviction dismissed based on AS 12.72.020(a)(2)?

**Response:** The procedural bar in AS 12.72.020(a)(2) has been applied by the Alaska Court of Appeals in at least 28 cases since 1997, including in three cases since January 2006.[2] Lampley was afforded the opportunity to litigate his constitutional claims in his direct appeal, but decided not to do so. He now improperly seeks redress in this court.

The term "constitution [*sic*] innocence" is undefined and it is an open question whether such a claim even exists. Lampley has not shown freestanding innocence that would render his imprisonment unconstitutional under *Herrera v. Collins,* 506 U.S. 390, 113 S.Ct. 853 (1993). The "threshold showing for such a

---

[2] *Gardner v. State,* M.O. & J. No. 8881 (March 29, 2006); *Keiper v. State,* M.O. & J. No. 8810 (January 25, 2006); *Stavenjord v. State,* M.O. & J. No. 8966 (January 18, 2006); *Goldsbury v. State,* M.O. & J. No. 8642 (April 27, 2005); *Lampley v. State,* M.O. & J. No. 8629 (February 16, 2005); *Wyatt v. State*, M.O. & J. No. 8571 (December 22, 2004); *Seek v. State,* M.O. & J. No. 8363 (April 28, 2004); *Hykes v. State,* M.O. & J. No. 8158 (January 28, 2004); *Hykes v. State,* M.O. & J. Nos. 7742, 8346 (January 14, 2004); *Stough v. State,* M.O. & J. No. 8364 (December 10, 2003); *Tocktoo v. State*, M.O. & J. No. 8295 (September 24, 2003); *Nelson v. State,* M.O. & J. No. 8031 (April 2, 2003); *McGlauflin v. State,* M.O. & J. No. 7933 (March 5, 2003); *Shaw v. State,* M.O. & J. No. 8009 (October 23, 2002); *Hertz v. State*, M.O. & J. No. 8004 (June 19, 2002); *Cozzetti v. State,* M.O. & J. No. 7620 (May 1, 2002); *Simmons v. State,* M.O. & J. No. 7493 (December 1, 2001); *Waldron v. State*, M.O. & J. No. 7693 (October 17, 2001); *McDonald v. State,* M.O. & J. No. 7454 (June 13, 2001); *Frank v. State,* M.O. & J. No. 7375 (January 10, 2001); *Patterson v. State,* M.O. & J. No. 7298 (December 6, 2000); *Grinols v. State*, 10 P.3d 600 (Alaska App. 2000); *Harris v. State,* M.O. & J. No. 7306 (September 20, 2000); *Burks v. State,* M.O. & J. No. 7055 (August 11, 1999); *Deveraux v. State,* M.O. & J. No. 6696 (September 23, 1998); *Hertz v. State*, M.O. & J. No. 6503 (September 2, 1998); *Reakoff v. State,* M.O. & J. Nos. 6564, 3816 (May 6 1998); *VanDyke v. State*, M.O. & J. No. 6175 (August 13, 1997)).

right would be extraordinarily high" and Lampley has not satisfied whatever burden a hypothetical freestanding innocence claim would require. *House v. Bell,* \_\_\_ S.Ct. \_\_\_ , 2006 WL 1584475 (U.S., June 12, 2006). Further, Lampley cannot allege constitutional innocence because the Constitution of the United States does not guarantee a right to threaten people. *See, e.g., Watts v. United States,* 394 U.S. 705, 707-08, 89 S.Ct. 1399, 1401-02 (1969); *United States v. Callahan,* 702 F.2d 964, 966 (11th Cir. 1983). Lampley was prohibited from threatening D.M. after he had physically assaulted her. After having been served with the DVRO, Lampley wrote letters to D.M., which included several threats against her and that acknowledged that he was both violating the order and threatening her. [Docket No. 7 at Exhibit B] The Alaska Court of Appeals has previously held that the state has a valid interest in preventing harassment when domestic violence restraining orders are issued. *See Jacko v. State,* 981 P.2d 1075, 1079 (Alaska App. 1999). And the First Amendment does not protect the utterance of threats – even when the threats are motivated by political protest. *See, e.g.,* 18 U.S.C. § 871 (making it a felony to utter threats against the President of the United States). The United States Supreme Court has declared that while the First Amendment protects robust political debate, threats of harm are not protected speech. *See Watts,* 394 U.S. at 707-08; *United States v. Callahan,* 702 F.2d 964, 966 (11th Cir. 1983).

**Question 2**: When and in what cases were previously un-litigated collateral challenges claiming constitutional due process violations having nothing to do with search, seizure or evidence dismissed based on AS 12.72.020(a)(2)?

**Response**: See response to question 1. This issue is wholly irrelevant to Lampley's claims and like the first question is overbroad as well.

**Question 3**: When and in what cases were collateral challenges to any species of IAC claim dismissed based on AS 12.72.020(a)(2)?

**Response**: As mentioned in the response to question 1, the procedural bar in AS 12.72.020(a)(2) has been applied in 28 cases since 1997, including in three cases since January 2006. The question calls for an answer that is beyond the scope of and not relevant to this proceeding as "any species of IAC claim" encompasses issues wholly outside of Lampley's factual circumstances. The trial court's factual findings on the alleged conflict of interest resulted in a finding that no prejudicial conflict existed and Lampley's attorney-client relationship with his attorney was not prejudicially affected. [Docket No. 9 at Exhibit N *(Lampley v. State*, M.O. & J. No. 4968 at 6 (February 16, 2005))] As mentioned earlier, Lampley did not ever object to the trial court's findings of fact on this issue and the Alaska Court of Appeals found that

Lampley did not otherwise preserve his claim against his appellate counsel in his application for post-conviction relief. *Lampley,* mem.op at 7.

To the extent Lampley now wants to argue that his attorney provided ineffective assistance in his post-conviction application for failure to raise the claim that his appellate counsel had been ineffective, Lampley has no federal Sixth Amendment right to counsel in his state post-conviction actions (or on appeal from the post-conviction action). *See* 28 U.S.C. § 2254(i); *Murray v. Guarrantano,* 492 U.S. 1, 10, 109 S.Ct. 2765, 2770 (1989); *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993 (1987). "Since [Lampley] had no federal constitutional right to counsel, he could not be deprived of the effective assistance of counsel." *Wainright v. Torna,* 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301 (1982). *Accord Coleman v. Thompson,* 501 U.S. 722, 757, 111 S.Ct. 2546, 2568 (1991) (procedural default in state court will not be excused on account of ineffectiveness of attorney in state post-conviction action).

**Question 4:** Can AS 12.72.010(a)(1) and (6) and A.Cr.R. 35.1(a)(1) and (6) be harmonized with AS 12.72.020(a)(2) without making them dead letter law?

**Response:** This question calls for legal conclusions, for speculation and raises questions of state law that should be decided, if one

actually does exist, by the state court. The question is also irrelevant to Lampley's case and is beyond the scope of these proceedings.

**Question 5**: Other than constitutional claims sounding in IAC or newly discovered evidence, when couldn't a claim be raised on direct appeal?

**Response**: As with the previous question, this question calls for legal conclusions, calls for speculation, and raises questions of state law that should be decided, if an actual question exists, by the state court. The question also calls for an answer that is irrelevant to Lampley's case as his claims could have been raised on direct appeal and is therefore beyond the scope of these proceedings.

**Question 6**: Did AS 12.72.020(a)(2), passed in 1995, overrule the Court of Appeals created procedure for IAC enunciated in *Barry v. State*, thus requiring all IAC claims to be raised on direct appeal?

**Response**: As with the previous question, this question calls for legal conclusions, calls for speculation, and raises questions of state law that should be decided, if an actual question exists, by the state court. The question also calls for an answer that is irrelevant to Lampley's case and is therefore beyond the scope of these proceedings. Further, the underlying premise of the question is wrong as AS 12.72.020(a)(2) does not require all ineffective-assistance-of-counsel claims to be brought on direct appeal.

**Question 7**: What is the regularly and consistently applied policy governing when the various subsections of AS 12.72.020(a) will bow to Alaska Due Process concerns under *Grinols v. State,* 10 P.3d 600 (Alaska App. 2000)?

**Response**: As an initial matter, the question calls for a discussion of "policy" that is not a matter for the court. In addition, see response to question 3. "Review of counsel's performance is highly deferential and there is a strong presumption that counsel's conduct fell within the wide range of reasonable representation." *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir.1986).

Further, *Grinols v. State,* 10 P.3d 600, 618 (Alaska App. 2000), only permits a second post-conviction action to claim that the attorney representing a defendant in a first post-conviction action was ineffective. But Lampley has not filed a second post-conviction application and thus has not exhausted his state remedies on that issue.

In sum, Lampley cannot show that he is entitled to relief nor can he overcome the procedural default that bars his claims.

DATED June 22, 2006, at Anchorage, Alaska.

>DAVID W. MÁRQUEZ
>ATTORNEY GENERAL
>
>s/ Tamara E. de Lucia
>   Assistant Attorney General
>   State of Alaska, Dept. of Law
>   Office of Special Prosecutions
>     and Appeals
>   310 K Street, Suite 308
>   Anchorage, Alaska 99501
>   Telephone: (907) 269-6250
>   Facsimile: (907) 269-6270
>   Email: tamara_delucia@law.state.ak.us
>   Alaska Bar. No. 9906015

**Certificate of Service**

I certify that on June 22, 2006, a copy of the foregoing Briefing in Response to Court Order of May 23, 2006, Docket No. 30 was served electronically on **Douglas H. Kossler, David R. Weber and Tamara E. de Lucia**.

>s/ **Tamara E. de Lucia**