UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JIMMY A. LAMPLEY,<br><br>                    Petitioner,<br>       vs.<br><br>MARC ANTRIM, and SCOTT J. NORDSTROM,<br><br>                    Respondents. | 3:05-00293 CV (RRB)<br><br>**RECOMMENDATION<br>REGARDING RESPONDENTS'<br>MOTION TO DISMISS**<br><br>(Docket No.12) |

        The court has now before it the respondents' motion to dismiss the claims of the amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Jimmy A. Lampley. (Docket No. 12). Said motion is made on the grounds that Mr. Lampley failed to exhaust his state court remedies as required under § 2254. Lampley field an opposition at docket No. 17, and the respondents filed a notice that no reply would be filed at docket No. 29. The court ordered the respondents to file a brief in response to seven questions posed by Lampley at page 13 of his opposition brief. The respondents filed such a brief at docket No. 34, and Lampley responded at docket No. 36. For the reasons that follow the respondents' motion should be granted as to Lampley's second, third, and fourth claims. The motion should be denied as to Lampley's first and fifth claims.

1

## BACKGROUND

Lampley's opposition does not dispute the general factual and procedural background as set forth by the respondent. Rather, he simply sets forth some disputed facts. Therefore, the court sets forth the background of this matter by essentially reciting it as submitted by the respondents, but noting the specific factual disputes submitted by Lampley. After being arrested for assaulting his girlfriend, Lampley was served with a Domestic Violence Restraining Order (DVRO) which prohibited him from contacting his girlfriend (D.M.) in any manner.[1] After having been served with the order he wrote 11 letters to D.M. In some of those letters he expressly acknowledged that by writing the letters he was violating the DVRO thereby exposing himself to criminal convictions for each letter written. Lampley was convicted of 13 counts of violating a domestic violence restraining order (DVRO). The respondents submit that those letters – or some of them – contained threats against Lampley's girlfriend. Lampley disputes this contention based on differing interpretations of the term "threat". Regardless, Lampley acknowledges that this is not pertinent to the disposition of the motion.

Lampley appealed directly to the Alaska Court of Appeals. There he raised the following issues: (1) the trial court should have granted his motion for acquittal based upon a clerical error in the DVRO document; (2) he was precluded from disputing an element of the crime charged before the grand jury; (3) he was denied his right to self-representation and forced to proceed with counsel whom he did not trust; and (4) his sentence was excessive.

As to his first and second claims on Appeal, Lampley argued that because the magistrate issuing the DVRO had mistakenly dated the initial short-term DVRO "January 7, 1997" rather than "January 7, 1998", he was not subject to the terms of the

---

[1] While otherwise quite good, the respondents' brief is confusing when it refers to exhibits without stating that they are the petitioner's exhibits.

order in 1998, and should have been permitted to argue this issue before the jury. He argued that the trial court's refusal to allow him to present that point to the jury was tantamount to a directed verdict in favor of the government on an element of the offense. The Court of Appeals found that at trial Lampley had conceded that the "1997" date was a clerical mistake and that Lampley's argument was not an assertion as to the facts, rather an assertion about the legal meaning of the mistake. As such, the effect of the clerical error was a legal question for the trial court to decide rather than a factual one. Therefore, the Court of Appeals further concluded, the trial court did not err in disallowing Lampley to argue this issue to the jury.

On the issue of self-representation, the Alaska Court of Appeals found that the trial court properly allowed Lampley to act as co-counsel during trial as an alternative to allowing him to exclusively represent himself. His disruptive behavior – including threatening the judge twice during proceedings – warranted denial of permission for Lampley to independently represent himself.[2]

Regarding the appeal of his sentence, the Court of Appeals concluded that the trial court's characterization of Lampley as a "worst offender" was reasonable and his composite sentence of 20 months to serve was not excessive. The Alaska Court of Appeals rejected Lampley's claims and upheld the convictions and sentence.

Lampley sought review by the Alaska Supreme Court, but only of the Alaska Court of Appeals' affirmation of the trial court's determination that he was incapable of representing himself because he was incapable of conducting his trial

---

[2] Lampley submits that the trial judge made no findings as to whether or not some of the "unfortunate" things he said were indeed threats against the trial court, and as to whether they were either threats or directed to the trial court is "far from clear". For purposes of the instant motion this argument is of no moment because it is not concerned with the procedural bars the respondents' motion is based upon.

without being unduly disruptive. The Alaska Supreme Court denied his petition for hearing on the Court of Appeals decision.

On December 26, 2000, During the pendency of his first appeal, Lampley submitted a *pro se* application for post-conviction relief. Counsel was appointed to represent Lampley. An amended application for post-conviction relief was filed on April 30, 2002. A second amended application was filed on November 18, 2002. Lampley's second amended post-conviction relief application raised four grounds for relief: (1) his convictions for violating the short and long-term DVRO violated his constitutional right to free speech; (2) he was denied his due process right to be present at the long term DVRO hearing (because he was incarcerated at the time) and to appointed counsel; (3) his trial and appellate counsel provided ineffective assistance in two ways, first by failing to raise the freedom-of-speech argument both in the trial court and on direct appeal and, second, because of a purported conflict of interest on the part of his trial and appellate counsel; and (4) the Alaska Department of Corrections denied Lampley due process by refusing to restore good-time credit forfeited as a result of a disciplinary violation.

The Alaska Superior Court denied Lampley's application for post-conviction relief. The Alaska Court of Appeals affirmed that decision. The Court held first that Lampley was barred from arguing, for the first time in an application for post-conviction relief, that the underlying DVRO violated his right to freedom of speech. Second, the Alaska Court of Appeals held that Lampley was also barred from raising his due process arguments for the first time in an action for post-conviction relief. The Court of Appeals based these two holdings on AS 12.72.010(a)(2), which provides that a "claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if . . . the claim was, or could have been but was not, raised in a direct appeal from the proceeding that resulted in the conviction."

With respect to the ineffective-assistance-of-counsel claims, the Alaska Court of Appeals held that Lampley had failed to preserve his claim that his attorneys labored under the alleged conflicts-of-interest. During the trial proceedings, the trial court had twice conducted hearings to determine whether a conflict existed and had found that there was no justification for counsel to withdraw because there was no prejudicial conflict of interest. Any challenge to the trial court's ruling was required under AS 12.72.020(a)(2) to be brought in a direct appeal and was procedurally barred from being raised for the first time in an application for post-conviction relief.

Lampley's ineffective-assistance claims regarding his trial and appellate counsel for failure to raise a freedom of speech challenge to the DVRO were also rejected by the Alaska Court of Appeals. The court concluded that Lampley failed to provide legal authority indicating that a competent attorney would have challenged the protective orders on freedom of speech grounds, and thus rejected the argument on the basis that Lampley had failed to plead a *prima facie* case hat his attorneys had been incompetent.

Lampley filed a petition for hearing with the Alaska Supreme Court seeking review of the Alaska Court of Appeals' decision. He raised the free speech claim, his ineffective assistance of counsel claims, and the claim regarding the Alaska Department of Corrections refusal to restore good time credit. The Alaska Supreme Court Summarily denied Lampley's petition for a hearing.

Lampley then filed a *pro se* petition in this court seeking a writ of habeas corpus. He was subsequently appointed counsel.

## DISCUSSION

Lampley's amended petition raises five claims: (1) the short and long term DVRO imposed a constitutionally overbroad restriction on his freedom of speech; (2) his right to due process was violated because he was denied the opportunity to be present

at the civil long term DVRO proceeding; and because the court did not appoint counsel in his defense at that proceeding; (3) he was denied effective assistance of counsel during his criminal prosecution for violation of the DVRO; (4) he was precluded from disputing an element of the crime charged before the jury; and (5) he was denied his right to self representation and forced to proceed with counsel he did not trust.

First, Lampley concedes that he did not present "claim 4" (being precluded from disputing an element of the crime charged before the jury), and that "claim 4" is therefore not exhausted to the Alaska Courts. The court then, will discuss Lampley's other claims at issue in the order they are challenged by the respondents.

### I
### DID LAMPLEY EXHAUST HIS STATE COURT REMEDIES WITH RESPECT TO HIS FIFTH CLAIM – THAT HE WAS DENIED HIS RIGHT TO SELF REPRESENTATION AT TRIAL?

The respondents posit that because Lampley did not present to either the Alaska Court of Appeals of the Alaska Supreme Court his claim that he was denied his Fifth Amendment right to self representation at trial, that claim should be dismissed. Under 28 U.S.C. § 2254(b)(1)(A) a petitioner for habeas corpus relief must exhaust available state court remedies on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. To exhaust a federal constitutional claim in state court, a petitioner must fairly present his claim in each appropriate state court, by having "explicitly alerted the court that she was making a federal constitutional claim." *Galvan v. Alaska Dept. OF Corrections*, 397 F.3d 1198, 1204-1205 (9th Cir. 2005). Such alerting requires that a habeas petitioner "must indicate to the state's highest court the specifically federal nature of a claim in order to exhaust it. *Reese v. Baldwin,* 282 F.3d 1184, 1191 (9th Cir. 2002). "Accordingly, presenting a federal claim explicitly at the PCR (post conviction relief) court in itself is not sufficient for exhaustion." *Id.* Lost on the parties, however, is Ninth Circuit case law instructing that this can be accomplished by citation to the federal constitution or to either a state or

federal case analyzing the federal constitutional issue the petitioner claims to have exhausted. *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005). On the other hand: "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Id.* "Nor is it enough to raise a state claim that is analogous or closely similar to a federal claim." *Id.*

Lampley's direct appeal to the Alaska Court of Appeals cited one federal case for the proposition that "generally a defendant has a right to self representation." Specifically, he cited to *Faretta v. California,* 422 U.S. 806, 821 (1975). Therefore, the respondents contend, because he did not mention the United States Constitution his challenge was exclusively under the Alaska Constitution. This conclusion is not consonant with the Ninth Circuit's teaching in *Castillo*. Lampley's reliance on *Faretta* in the context to a claim regarding the right to self representation satisfied the requirement of explicitly alerting the state court of his federal claim. Thus, Lampley did present his fifth claim to the Alaska Court of Appeals.

The respondents further argue that Lampley made "an identical argument" in his petition to the Alaska Supreme Court. True, but there he not only cited *Faretta* but also *McKaskle v. Wiggins,* 465 U.S. 168, 177 n.8 (1984). The court's review of the petition leaves it convinced that under *Castillo* Lampley did indeed present his fifth claim to the Alaska Supreme Court. Ergo, Mr. Lampley exhausted his state court remedies as required by 28 U.S.C. § 2254(b)(1)(A) as to his fifth claim that he was denied the right to self representation.

**II
DID LAMPLEY PROCEDURALLY DEFAULT HIS FIRST, SECOND AND THIRD CLAIMS?**

Respondents argue that Lampley procedurally defaulted his first, second, and third claims. The court addresses these arguments in order. First, the respondents contend that Lampley's first claim – that the DVRO violated his free speech rights – and

his second claim – that he was denied his right to due process because he was not present at the long-term DVRO hearing and was not appointed counsel at that civil proceeding – were defaulted because he did not raise them on direct appeal. Rather, he raised these claims for the first time in an application for post conviction relief. The Alaska Court of Appeals concluded that because he could have but did not raise these claims on direct appeal, they were barred by AS 12.72.020(a)(2) in the post conviction relief application. Accordingly, the Alaska Court of Appeals declined to further discuss the claims. A claim is not properly exhausted if a petitioner actually pursued a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural grounds. *Coleman v. Thompson,* 501 U.S 722, 731-732 (1991). Such claims will not be considered in a federal habeas petition unless the defendant establishes "cause and prejudice" for his state-court procedural default. *Teague v. Lane,* 489 U.S. 288, 297-298 (1989). Quite simply, Lampley's opposition offers no showing of "cause and prejudice", and does not dispute the respondents' arguments on these claims. Therefore, since the respondents' motion appears otherwise meritorious as to them, Lampley's first and second claims should be dismissed as procedurally defaulted.

Lampley, does dispute the respondents' position that he defaulted as to his third claim – that his he received ineffective assistance of counsel based on his trial counsel having had a conflict of interest. Lampley was represented by the Alaska Public Defender Agency. Lampley asserts that his trial lawyer had a conflict of interest because Lampley was assaulted in jail by a man who was also represented by the Public Defender Agency, and because his trial lawyer was a potential witness against Lampley regarding an assault he committed in her presence. The trial court conducted hearings to determine the extent of the alleged conflicts and whether Lampley's lawyer should be permitted to withdraw. With respect to both allegations, the trial court concluded no prejudicial conflict existed and the attorney-client relationship was not prejudicially affected.

The Alaska Court of Appeals held that because Lampley had not challenged the trial court's rulings regarding the alleged conflict in his direct appeal, he was barred from raising the claim for the first time in a post conviction relief application. Therefore, the respondents' contend, Lampley has procedurally defaulted this claim because he cannot show "cause and prejudice" for his state court procedural default.

Lampley responds by showing that he did in fact rely on federal law when taking the ineffective assistance of counsel claim to the Alaska Court of Appeals. Lampley, however, misses the point. The so called "federalization" of his ineffective assistance of counsel claimed occurred in his post conviction relief petition to the Alaska Court of Appeals. The court's review of Lampley's direct appeal reveals that the Alaska Court of Appeals was correct that Lampley did not raise this matter on his direct appeal. Lampley's extensive discussion of his post conviction relief petition is not pertinent. The respondents are therefore correct that the Court of Appeals properly ruled that Lampley's claim for ineffective assistance of counsel was barred by AS 12.72.020(a)(2).

Lampley also claims that his appellate counsel had the same conflict of interest as his trial lawyer because his appellate counsel was also employed by the Alaska Public Defender Agency. As the respondents state, the Alaska Court of Appeals found that Lampley did not make such a claim in his application for post conviction relief. Lampley counters that – although that is true – he in fact did make an ineffective assistance of appellate counsel claim in his application for post conviction relief.

Conspicuous by its absence is any citation to the application for post conviction relief in Lampley's opposition brief. Instead he seems to make a circuitous argument that he raised the claim to the Alaska Court of Appeals. The court's review of the application for post conviction relief leads to the unambiguous conclusion that the Alaska Court of Appeals was exactly correct. Lampley's application for post conviction

relief did not state any claim whatsoever to the effect that his appellate counsel rendered ineffective assistance of counsel.[3]

In a confusing change of horses, Lampley implicitly concedes the foregoing and next argues that the AS 12.72.020(a)(2) was wrongly applied to his case. It is here that the court ordered supplemental briefing regarding Lampley's "seven questions" comes into play. Essentially, Lampley argues that the state courts' rejection of his ineffective assistance of counsel claims were not based on the requisite clearly expressed and consistently applied state procedural grounds. *Coleman,* 501 U.S at 731-732. Lampley posed seven questions in an effort to show that application of AS 12.72.020(a)(2) is somehow unique, or nearly unique, to his case. Through his tortured briefing, including the seven question, he posits that there are few, if any, other cases where an ineffective assistance of counsel claim has been dismissed under AS 12.72.020(a)(2).

In response, to Lampley's "seven questions" the respondents submit that AS 12.72.020(a)(2) has been applied in at least 28 cases since 1997. The respondents provide a list of these cases. Lampley's contention that the respondent has not shown that AS 12.72.020(a)(2) has ever been applied to previously un-litigated collateral challenges claiming constitution[al] innocense of an underlying conviction misses the mark. The fact is that the respondents have shown that the statutory bar is clearly expressed and apparently, consistently applied. It is Lampley who, in the face of a significant showing of the statute's application, has failed to show that the statute has not been consistently applied. Instead, he merely submits that the unpublished memorandum of judgments

---

[3] Notably, the respondents' argument at page 18 of their motion that "Lampley did not specifically allege a violation of his federal constitutional right to effective assistance of counsel under the Sixth Amendment anywhere in his argument to the Alaska Court of Appeals or to the Alaska Supreme Court" is not well taken. Under *Castillo supra* Lampley's citation to *Strickland v. Washington,* 466 U.S. 668, 691 (1984) for the law of ineffective assistance of counsel was sufficient to state a federal claim.

cited have no precedential value. They are not cited for "precedential value" as such; but rather are cited to show that the statute has been consistently applied as expressed. The fact that Lampley happens to make a claim of "constitutional innocence" is of no moment. There is a first time for everything. Perhaps he is the first one to have such a claim barred by the statute. So what? That does not mean that the claim was erroneously or unfairly barred. Further, the respondents' responses to Lampley's other questions are well taken. For the most part, Lampley's questions and arguments are not pertinent. Indeed, they add to the overall confusion of his arguments. The court will not belabor the point by marching through Lampley's questions. The supplemental briefing has served its purpose. To whatever arguably attenuated extent Lampley's other questions may be pertinent, it is Lampley who has failed to show a defect in the expression or application of AS 12.72.020(a)(2) in the face of a compelling showing to the contrary.

The foregoing does not, however, end the inquiry. Ironically, at one point Lampley's brief suggests that the respondents' brief would be better understood: "Stripped of gloss and bluster". That is precisely what the court has had to do in analyzing Lampley's brief in order to happen upon the one basis in law that will rescue one of the three claims in question. That being his first claim – that he is innocent on the grounds that the statute under which he was convicted for violating the DVRO is unconstitutional because it violates his First Amendment right to freedom of speech.

Lost on the parties is the rule that failure to raise a claim challenging the Constitutionality of a statute is a jurisdictional challenge, and it is firmly established that the failure to directly appeal the matter does not bar one from raising it for the first time in a federal habeas petition. *Chambers v. United States,* 22 F.3d 939, 946 (9th Cir. 1994) (vacated in part in part on other grounds in *Chambers v. United States,* 47 F.3d 1015 (9th cir. 1995)). *Chambers* was a § 2255 (so called federal habeas) case, whereas the case at bar is a § 2254 (so called state habeas) case. But there this is a distinction without a

difference in so far as a constitutional challenge that negates jurisdiction. "An unconstitutional law is void, and is of no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." *Ex Parte Siebold,* 100 U.S. 371, 376-377 (1879). Regarding this fundamental principle, the corpus of the law of jurisdiction is unchanged.

The question thus presented is: Whether the failure to raise a federal constitutional challenge to a state statute upon which a state conviction was based either on direct appeal or collaterally, prevents it from being raised in a § 2254 petition? The court can discern no basis in law for answering this question in the negative. If the underlying statute violated the United States Constitution, then the State court was without jurisdiction to convict and imprison Lampley under the statute. Indeed, § 2254(a)(d)(1) expressly provides that habeas relief shall be granted if it is established "that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding." Therefore, the court should not dismiss Lampley's claim that his conviction was based on a statute that was unconstitutional because it violated his first amendment right to freedom of speech. Rather, the merits of that claim need to be addressed. The parties have discussed the merits of the question of whether the underlying statute was unconstitutional. But that is a question of law for another day. It deserves full briefing on the merits, and is not properly considered in a motion to dismiss for failure to exhaust state court remedies.

## CONCLUSION

For the foregoing reasons it is hereby recommended that the respondents' motion to dismiss for failure to exhaust his state court remedies be **GRANTED in part and DENIED in part.** The motion should be **GRANTED** as to Lampley's second, third, and fourth claims. The motion should be **DENIED** as to Lampley's first and fifth claims.

DATED this 8th day of August, 2006, at Anchorage, Alaska.


    /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge


Pursuant to Federal Rule of Civil Procedure 72(b), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **the close of business on August 24, 2006**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed **no later than the close of business on September 7, 2006**.

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).