Tamara E. de Lucia
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tamara_delucia@law.state.ak.us

Attorney for Respondents

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| JIMMY A. LAMPLEY, | ) | Case No. 3:05-cv-00293-RRB |
| | ) | |
| Petitioner, | ) | RESPONDENT'S OBJECTIONS TO |
| | ) | RECOMMENDATION REGARDING |
| vs. | ) | MOTION TO DISMISS |
| | ) | |
| MARC ANTRIM and | ) | |
| SCOTT J. NORDSTRAND, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

A.   Introduction

The Respondents are in substantial agreement with the Court's recommendations. [Docket No. 37] The Court correctly stated that Lampley has procedurally defaulted his second, third, and fourth claims. However, respondents maintain that Lampley failed to exhaust his fifth claim (that he was denied the right to self-representation) because he did not specifically alert the Alaska Supreme Court that he was bringing a federal claim. The Respondents also maintain that Lampley's failure to bring forth his freedom-of-speech claim (the first claim in his habeas petition) at trial or on direct appeal, instead raising

it for the first time in an application for post-conviction relief where it was procedurally barred, results in procedural default of that claim.

    B.    <u>Lampley's Fifth Claim – The Right to Self-Representation</u>

This Court looked to *Castillo v. McFadden,* 399 F.3d 993, 999 (9th Cir. 2005), for guidance on the question of whether Lampley had alerted the Alaska Supreme Court to the federal nature of his claims. [Docket No. 37 at 7] But in *Castillo,* the Ninth Circuit explained that a petitioner must both describe the "operative facts and the federal legal theory" upon which his claim is based and characterize his claims "*specifically* as federal claims." *Castillo,* 399 F.3d at 999 (emphasis in original); *accord Gray v. Netherland*, 518 U.S. 152, 163, 116 S.Ct. 2074, 2081 (1996) (reaffirming the need for both a factual basis and legal theory). Lampley's petition to the Alaska Supreme Court does not reflect any "specific" reference to a federal constitutional claim. [Docket No. 12, Respondent's Attachment B at 1-7]

The only mention of anything federal in the petition is Lampley's cursory citation to *Faretta v. California,* 422 U.S. 806, 821, 95 S.Ct. 2525, 2534 (1975), for the proposition that "[g]enerally, a defendant has a right to self-representation." [Docket No. 12, Respondent's Attachment B at 3] But a "naked reference" to a constitutional guarantee is insufficient to state a federal claim. *Shumway v. Payne,* 223 F.3d 982 (9th Cir. 2000). Lampley's petition then does cite *McKaskle v. Wiggins,* 465 U.S. 168, 177 n.8, 104 S.Ct. 944, 950 n.8 (1984), but it is cited in a discussion of the application of a harmless-error analysis without mention of a federal constitutional claim. [Docket No. 12, Respondent's Attachment B at 5] Lampley "must alert the state court to the fact that the relevant claim is a federal one without regard to how similar that state

and federal standards may be or how obvious the violation of federal law is." *Lyons v. Crawford,* 232 F.3d 666, 668-69 (9th Cir. 2000). He did not do so.

Lampley's petition is similar to that in *Casey v. Moore,* 396 F.3d 896 (9th Cir. 2004), where the Ninth Circuit found that a discussion of "constitutional error" in the state appellate court and bare reference to "depriv[ation] of a fair trial" bolstered by state law cases, and an analysis that focused on state constitutional error, did not fairly present federal constitutional issues. *Id.* at 913; s*ee also Johnson v. Zenon,* 88 F.3d 828, 830-31 (9th Cir. 1996) (allegation of denial "fair trial" or the "right to present a defense" insufficient to state federal claim).

C.  Lampley's First Claim – Freedom-Of-Speech Violation

With respect to Lampley's first claim, that the domestic violence restraining order constituted a violation of his freedom of speech, his failure to present such claim at trial or on direct appeal, instead raising it for the first time in an application for post-conviction relief where it was procedurally barred, results in procedural default of that claim.

A habeas petitioner may waive a constitutional claim by failing to present it for resolution to the highest state court. *McNeeley v. Arave,* 842 F.2d 230 (9th Cir. 1988); s*ee also Hughes v. Idaho State Bd. of Corrections,* 800 F.2d 905, 906 (9th Cir. 1986) (even *pro se* petitioner is accountable for his own failure to pursue his claim to state supreme court). In *McNeeley*, the court declined to reach the merits of a constitutional claim where McNeeley did not petition the Idaho Supreme Court for review. 842 F.2d at 231. Here, Lampley did not raise his constitutional claims in state court but seeks habeas relief nonetheless.

This Court has equated the proceedings in *Chambers v. United States,* 22 F.3d 939 (9th Cir. 1994), to Lampley's habeas action, however, they

are quite distinct.  In *Chambers*, the defendant sought relief after a decision in an unrelated case invalidated the statute under which he was convicted.  Chambers proceeded under 28 U.S.C. § 2255 – a provision designed to create a broader remedy than previously available to federal prisoners.  *See, e.g.,* S.Rep. No. 1559, 80th Cong., 2d Sess. 8-10 (1948); H.R. Rep. No. 2646, 79th Cong., 2d Sess. 7 (1946).  "Since the [§ 2255] motion remedy is in the criminal proceeding, this section affords the opportunity and expressly gives the broad powers to set aside the judgment and to discharge the prisoner or re-sentence him or grant a new trial or correct the sentence." S.Rep. No. 1526, 80th Cong., 2d Sess. 2 (1948).

A motion under § 2255 is a further step in the movant's criminal case rather than (as is true of § 2254 claims) a separate civil action.  *See Grady v. United States,* 929 F.2d 468, 471 (9th Cir. 1991).  Thus, the filing of Chambers' § 2255 claim is akin to appellate review in a criminal case.  This is why Chambers' § 2255 claim as a federal prisoner was governed by federal statutory criminal law and procedure and why a wider range of remedies was available to Chamber than in an action under § 2254.  Section 2255 is the mechanism for criminal appellate review in federal cases, and notably is denied where a petitioner fails to exhaust administrative remedies even where the claim is grounded in federal constitutional law.  *See, e.g., Nigro v. Sullivan,* 40 F.3d 990 (9th Cir. 1994); *Greene v. Meese*, 875 F.2d 639, 640-41 (7th Cir 1989).  And § 2255 claims "shall not be entertained" if the applicant failed to first apply for relief from the sentencing court, whether or not he raises constitutional claims.  28 U.S.C. § 2255.  Similarly, Lampley's claim was barred by state procedural rules.

By this Court's interpretation, a habeas petitioner is never barred from bringing a claim as long as he casts it as a constitutional claim – whether or not he has pursued state remedies.  However, habeas corpus cannot do service for an appeal and "is an extraordinary remedy that should not be used to

relitigate" the merits of a state trial. *McFarland v. Scott*, 512 U.S. 849, 859 (1994). The Respondents respectfully believe this Court should reconsider it ruling in this regard.

DATED August 24, 2006, at Anchorage, Alaska.

>DAVID W. MÁRQUEZ
>ATTORNEY GENERAL
>
>s/ Tamara E. de Lucia
>   Assistant Attorney General
>   State of Alaska, Dept. of Law
>   Office of Special Prosecutions
>    and Appeals
>   310 K Street, Suite 308
>   Anchorage, Alaska 99501
>   Telephone: (907) 269-6250
>   Facsimile: (907) 269-6270
>   Email: tamara_delucia@law.state.ak.us
>   Alaska Bar. No. 9906015

**Certificate of Service**

I certify that on August 24, 2006, a copy of the foregoing Respondent's Objections to Recommendation Regarding Motion to Dismiss was served electronically on David R. Weber.

>s/ Tamara E. de Lucia