IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JIMMY A. LAMPLEY, )
)
                Petitioner, )
)
vs. )
)
MARC ANTRIM, and )
SCOTT J. NORDSTRAND, )
)
                Respondents )
)   Case No.: A05-293 Cv. (RRB)

**PETITIONER'S OBJECTIONS TO MAGISTRATE'S**
**RECOMMENDATION AT DOCKET NO. 37**

    COMES NOW Jimmy A. Lampley, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and submits this, Petitioner's Objections To Magistrate's Recommendation At Docket No. 37.

## I.    Factual Errors

    Mr. Lampley has consistently attacked the process provided him at ***BOTH*** the short and long-term DVRO hearings. (Petitioner's Exhibit L, pages 14 – 16.) Contra, Magistrate's Recommendation ("MR") at 4. The exclusion (at page 6) of the short term DVRO from Mr. Lampley's due process claims to this court are similarly mistaken. Docket 7-1 at page 6.

    By omission, the MR at page 5 represents that Mr. Lampley did not pursue his due process claims to the Alaska Supreme Court. He did. Respondents' Exhibit A, page 1, line 17 and page 6, lines 11- 23.

    At page 8, the MR represents that Mr. Lampley did not offer any showing of "cause and prejudice" in resisting Respondents' claims. Docket 17 at page 10 does, in fact, offer such a showing. At page 9, the MR notes the conspicuous absence of any citation to Mr. Lampley's State PCR application to support his claim that his State Appellate counsel labored under a conflict of interest. The

1   citation is not absent. It is found at Docket 17, page 4, lines 18 – 21, directing the
2   Court's attention to Petitioner's Exhibit L, page 20.

### II.   Law and Argument

Mr. Lampley structured his argument to address and respond to Respondents' claims. Tortured or no, that is the structure of the briefing. Respondents leveled three attacks on Mr. Lampley's petition.[1] One was a straight exhaustion attack leveled at claim 4 (directed finding of a factual element), which Mr. Lampley conceded. Second was a federalization exhaustion attack leveled at claims 3 and 5. Third was a procedural default attack leveled at claims 1, 2, and 3.[2]

### A.   Federalization Of IAC

The MR federalization analysis (Part I) only addresses claim 5. It fails to address Respondent's attack on the speech aspect of Mr. Lampley's IAC claim (3). In preserving claim 5, the MR relies upon Castillo v. McFadden, 399 F.3d 993, 999 (9th Cir. 2005). Castillo observed that citation to the federal constitution or a state or federal case discussing a federal constitutional issue is sufficient to "federalize" a claim. At Docket 17, page 6 line 18 through page 9 line 25, Mr. Lampley pointed out that he had done precisely what Castillo called for. The Court should review that material and the speech aspect of claim 3 (IAC) should not be dismissed. It is

---

[1] The claims have been characterized as: 1) Speech; 2) Due Process at the DVRO hearings; 3) Ineffective Assistance of Counsel ("IAC"); 4) Directed finding of a factual element; and 5) Representation. The third claim (IAC) has two distinct parts: IAC based on failure to raise the speech issue at trial or on appeal; and IAC based on a conflict of interests. The Magistrate's Recommendation only addresses the former, while nevertheless recommending dismissal of the entire claim.

[2] Respondents only leveled this attack at the conflict of interest portion of the IAC claim, not at the failure to pursue the freedom of speech defense aspect of it. Nevertheless, the MR is to dismiss all of claim 3 (IAC).

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

possible the MR confused Mr. Lampley's discussion of having "federalized" his overall IAC (speech & conflict) claim (3) with Mr. Lampley's IAC conflict claim (3). It is only the latter that the Alaska Courts disposed on by relying on AS § 12.72.020(a)(2). Alaska's Courts do allow the former type of IAC claim in a PCR. The point of Mr. Lampley's discussion of his "federalization" of the IAC claim in his PCR is to address one of Respondents' attacks.

**B.   AS § 12.72.020(a)(2)**

Respondents' procedural default claims were based on AS § 12.72.020(a)(2). Claims 1, 2 and the conflict portion of 3 were the objects of the attack. Mr. Lampley opposed Respondents' attack on those claims in a unified argument appearing at Docket 17, pages 10 – 14. For some reason the MR treats this portion of Mr. Lampley's opposition as if it only was address to defending claim 3. It was not so limited. Further, assuming Respondents proved their affirmative defense, the MR at page 8 overlooked and thus dismissed Mr. Lampley's claims of "cause and prejudice." Docket 17 at page 13- 14.

Prior to his discussion of AS § 12.72.020(a)(2), Mr. Lampley provided an overview of the law governing the affirmative defense of procedural default. Docket 17 at page 2 – 3. With respect, "There is a first time for everything." and "So what?" are an insufficient analysis upon which to dismiss claims 1, 2, and 3. A "first time" use of a procedural bar would tend to make it not very "firmly established and regularly followed" Ford v. Georgia, 498 U.S. 411, 424 (1991); Poland v. Stewart, 169 F.3d 573, 577 (9th Cir. 1999). Observing that 28 cases have "applied"[3] AS § 12.72.020(a)(2) since 1997 fails to limit the analysis to the six

---

[3]   As Mr. Lampley pointed out at Docket 36, page 4, many of the cases simply cite the statute. They do not discuss it or rely upon it.

1  cases decided at the time when Mr. Lampley filed his direct appeal. That analytical
2  failure violates Calderon v. United States Dist. Court, 96 F.3d 1126, 1131 (9th Cir.
3  1996). Nor is there any analysis or discussion of whether the application of AS §
4  12.72.020(a)(2) was capable of being "known and understood within reasonable
5  operating limits". Morales v. Calderon, 85 F.3d 1387, 1392 (9th Cir. 1996); Wood
6  v. Hall, 130 F.3d 373, 377 (9th Cir. 1997). Contrary to the MR at page 10 – 11, Mr.
7  Lamply did not "merely" point out the lack of presidential value in an MO&J, he
8  discussed the cases and their contradictory holdings. Docket 36, pages 4 to 7, 10 –
9  14.

10  AS § 12.72.020(a)(2) has ***never*** before or since been utilized to dismiss ***any***
11  form of IAC claim. It demonstrated that the very "jurisdictional" basis the
12  Magistrate applies to save claim 1 was acknowledged in Reakoff v. State, WL
13  224919 (Alaska App. MO&J A-6564 May 6, 1998). Yet Alaska did not apply it to
14  Mr. Lampley. It was not Mr. Lampley burden to disprove Respondents'
15  affirmative defense. Providing a string citation does not meet the burden of
16  establishing the affirmative defense. The MR at 10 essentially flips the parties'
17  burdens, unfairly faulting Mr. Lampley for not disproving Respondents'
18  affirmative defense.[4] Nor is it relevant to this affirmative defense whether Mr.
19  Lampley's claims were "erroneously or unfairly barred." MR at 11. A new
20  reading or alteration of an old rule need not be erroneous or unfair to nevertheless
21  be new. "New" is anathema to the procedural bar Respondents urge.

---

[4] "Apparently, consistently applied" does not amount to proof or a finding. When combined with the mischaracterization of Mr. Lampley's analysis (merely submitting MO&Js have no precedential value) and the lack of any discussion of the Alaska cases cited by Respondents and discussed by Mr. Lampley, it does not appear that the Magistrate reviewed the Alaska cases, their analysis or their holdings.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122   FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

### C. Appellate Counsel

As previously noted in the section of this document dealing with factual disputes, Mr. Lampley did include a claim in his PCR application that his State Appellate Counsel was ineffective due to a conflict of interests. The MR missed the relevant citation to the record in the briefing, possibly because it too was in the factual dispute section of Mr. Lampley's Opposition (Docket 17, page 4, l 18-21). The conflict issue as to both counsel was presented to the State's Courts and is thus preserved.

Respectfully submitted this 24th day of August 2006.

> Vasquez & Weber, P.C.
> Attorneys for Jimmy Lampley
> S/: David R. Weber,
> 943 West 6th Ste. 132
> Anchorage, Alaska 99502
> (907) 279-9122/9123 fax
> vw.law@acsalaska.net
> Ak. Bar Assn. No. 8409083

CERTIFICATE OF SERVICE

I certify that on August 24, 2006 electronic service of a copy of this Petitioner's Objections To Magistrate's Recommendation At Docket 37 was provided to the Court for all counsel of record pursuant to Criminal Rule 49(b), Civil Rule 5(b)(2)(D) and Local Rules 5, 5.1(a) and 5.2(c)(2).

S/: David R. Weber