IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

JIMMY A. LAMPLEY,  )
                   )
        Petitioner, )
                   )
vs.                )
                   )
MARC ANTRIM, and   )
SCOTT J. NORDSTRAND, )
                   )
        Respondents )
_____)  Case No.: A05-293 Cv. (RRB)

**PETITIONER'S REPLY TO RESPONDENTS' OBJECTIONS TO RECOMMENDATION REGARDING MOTION TO DISMISS**

COMES NOW Jimmy A. Lampley, by and through counsel, David R. Weber, of the firm of Vasquez & Weber, P.C., and submits this, Petitioner's Reply To Respondents' Objections To Recommendation Regarding Motion To Dismiss.

Respondents assert that the MR failed to properly apply federal law in deciding whether Mr. Lampley alerted Alaska's Court to the federal nature of his claims. Respondents cite and quote Castillo v. McFadden, 399 F3d 993, 999 (9th Cir. 2005) in support of its proposition. What Respondents did not do is point out that two sentences after their quote Castillo stated: "In short, the petitioner must have either referenced specific provisions of the federal constitution or cited to federal or state cases involving the legal standard for a federal constitutional violation." None of the Respondents' cited cases approve of dismissing claims federalized to the extent Mr. Lampley federalized his claims. The MR correctly determined that Mr. Lampley properly federalized the subject claim and refused to dismiss it.

In seeking to alter the MR *vis a vis* Mr. Lampley's freedom of speech claims, Respondents fail to distinguish between constitutional convictions secured by unconstitutuional means (e.g. unlawful searches or questioning) and

unconstitutional convictions (as here, speech, or double jeopardy or ex post facto laws). The former do not go to jurisdictional elements of the underlying offense. The latter do.[1] Further, Mr. Lampley did raise and exhaust his constitutional claims in the State Courts.

Respondents do not fairly characterize the MR on this point. It is not so open ended as to allow any habeas corpus claim as long as it makes a constitutional claim. The MR is far more limited and is correct on the point.

Respectfully submitted this 7th day of September 2006.

>Vasquez & Weber, P.C.
>Attorneys for Jimmy Lampley
>S/: David R. Weber,
>943 West 6th Ste. 132
>Anchorage, Alaska 99502
>(907) 279-9122/9123 fax
>vw.law@acsalaska.net
>Ak. Bar Assn. No. 8409083

CERTIFICATE OF SERVICE

I certify that on September 7, 2006 electronic service of a copy of this Petitioner's Reply To Respondents' Objections To Recommendation Regarding Motion To Dismiss was provided to the Court for all counsel of record pursuant to Criminal Rule 49(b), Civil Rule 5(b)(2)(D) and Local Rules 5, 5.1(a) and 5.2(c)(2).

---

[1] In making its waiver of a constitutional claim argument, Respondents cite McNeeley v. Arave, 842 F2d 230 (9th Cir. 1988). The nature of Mr. McNeeley's claim is not stated in the opinion. The opinion (and Respondents) did cite Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 906 (9th Cir. 1986) for the stated proposition, but Hughes concerned an alleged violation of a plea agreement, not a claim that Mr. Hughes was jailed for constitutionally protected conduct. Further, Hughes made clear that even the bar it upheld was discretionary, "a matter of comity." Nigro v. Sullivan, 40 F3d 990 (9th Cir. 1994) concerns a prison diciplinary appeal and voices no constitutional claim whatsoever. Greene v. Meese, 875 F.2d 639 ( 7th Cir. 1989) alleged due process violations having to do with prision discipline.

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

1  S/: David R. Weber
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

VASQUEZ & WEBER, P.C.
943 WEST SIXTH AVENUE, SUITE 132
ANCHORAGE, ALASKA 99501
(907) 279-9122    FACSIMILE (907) 279-9123
VW.LAW@ACSALASKA.NET

Case 3:05-cv-00293-RRB     Document 40     Filed 09/07/2006     Page 3 of 3

Lampley v. Alaska, A05-293 (RRB)
Petitioner's Reply To Respondents' Objections To Recommendation Regarding Motion To Dismiss
Page 3 of 3