Tamara E. de Lucia
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tamara_delucia@law.state.ak.us

Attorney for Respondents

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| JIMMY A. LAMPLEY, | ) | Case No. 3:05-cv-00293-RRB |
| | ) | |
| Petitioner, | ) | RESPONDENTS' RESPONSE TO "PETITIONER'S OBJECTIONS TO RECOMMENDATION AT DOCKET NO. 37" |
| | ) | |
| vs. | ) | |
| | ) | |
| MARC ANTRIM and | ) | |
| SCOTT J. NORDSTRAND, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This pleading is intended to respond to the "Objections to Magistrate's Recommendation at Docket No. 37" filed by the petitioner, Jimmy Lampley. [*See generally* Docket No. 39] As previously stated, the respondents are in substantial agreement with the Magistrate's recommendations with respect to dismissing Lampley's second, third and fourth claims. [*See generally* Docket No. 37]

Lampley asserts that his second claim (due process) and third claim (ineffective assistance) should not be dismissed. [Docket No. 39 at 2-3] Lampley is incorrect. As already stated by respondents, the application of the consistently applied procedural rule found in AS 12.72.020 to Lampley's due process and

ineffective-assistance claims resulted in the claims being barred by a state procedural rule, thus rendering them procedurally defaulted in this court. [*See* Docket No. 34 at 1-8]

 A. <u>Lampley's Due Process Challenge – Claim Number Two</u>

  Lampley argues that he did present his due process claim to the Alaska Supreme Court. [Docket No. 39 at 1] That is not the basis for the procedural default of this claim. Specifically, AS 12.72.020(a)(2) prevented Lampley from raising his due process claim for the first time in a post-conviction relief application rather than at trial or in the direct appeal of his conviction. [Docket No. 9 at Petitioner's Exhibit N (*Lampley v. State*, M.O. & J. No. 4968 (February 16, 2005))] As correctly stated by this court, "Lampley has failed to show a defect in the expression or application of AS 12.72.020(a)(2)." [Docket No. 37 at 11]

 B. <u>The Alleged Ineffective Assistance of Counsel – Claim Number Three</u>

  Lampley's third claim, that he received ineffective assistance of counsel, was not preserved in state court and also barred by a state procedural rule, *i.e.*, he did not raise an objection in either the trial court, on appeal, or in his application for post-conviction relief to the trial court's factual finding that his attorney did not labor under a conflict of interest (the alleged conflict was the basis for one aspect of the ineffective-assistance claim). [*See* Docket No. 12 at 12-19]

  Lampley argues that AS 12.72.020(a)(2) has never been used to dismiss any form of ineffective-assistance-of-counsel claim. [Docket No. 39 at 4] In Lampley's case the rule was applied, as it customarily is, to preclude a petitioner from raising claims in a post-conviction relief application that could

have been raised in his direct appeal.  Simply put, it prevents a petitioner from bypassing the remedy of a direct appeal.

This court correctly found that Lampley procedurally defaulted the claim of ineffective assistance based on an alleged conflict of interest, because he did not preserve the issue in the trial court by raising an objection to the trial court's findings (that no conflict was present) during trial or on direct appeal of his criminal conviction.  [Docket No. 37 at 9]  *Cf. Simpson v. Lear,* 77 F.3d 1170, 1174 (9th Cir. 1996) (a party who fails to file timely objections forfeits its right to appellate review).

Further with respect to the freedom-of-speech component of this ineffective assistance of counsel claim, the Alaska Court of Appeals held that Lampley was barred from arguing, for the first time in an application for post-conviction relief, that the underlying DVRO violated his constitutional right to freedom of speech.  *Lampley*, mem. op. at 4.

Lampley's citation to *Reakoff v. State,* M. O. & J. No. 6564 (Alaska App. May 6, 1998), is not helpful.  [Docket No. 39 at 4]  In that case the trial court dismissed a *pro se* application for post-conviction relief where the petitioner alleged ineffective assistance of counsel but where he did not submit a supporting affidavit from counsel (because as a *pro se* applicant, he was not aware of the requirement).  The *pro se* Reakoff was not given specific notice of the trial court's intention to dismiss the claim due to the lack of an affidavit from his trial counsel, nor was he afforded an opportunity to cure the error by submitting supporting documentation.  *Reakoff,* mem. op. at 4-5. The Alaska Court of Appeals remanded the case back to the trial court in order to allow Reakoff a reasonable opportunity to procure an affidavit from his trial attorney in response to his allegations of ineffective assistance.  *Reakoff,* mem. op. at 4-5.

On the contrary, in Lampley's case, Lampley was represented by counsel who was aware of the requirement that he submit an affidavit from trial counsel. Nonetheless, the Alaska Court of Appeals (as well as the trial court) rejected Lampley's ineffective-assistance claims on the basis that Lampley had failed to plead a *prima facie* case that his attorneys had been incompetent (despite his submission of affidavits from counsel). [Docket No. 7, Petitioner's Exhibit N (*Lampley v. State*, M.O. & J. No. 4968 at 9 (February 16, 2005))]

In this case, Lampley was not barred from filing a merit appeal and an application for post-conviction relief, and indeed he did avail himself of those remedies. He was likewise not barred from seeking review to the Alaska Supreme Court – and he did so as well. What Lampley attempts to do now is circumvent his state court remedies, seeking relief in federal court despite his failure to adhere to state procedural rules.

DATED September 7, 2006, at Anchorage, Alaska.

> DAVID W. MÁRQUEZ
> ATTORNEY GENERAL
>
> s/ Tamara E. de Lucia
>   Assistant Attorney General
>   State of Alaska, Dept. of Law
>   Office of Special Prosecutions
>     and Appeals
>   310 K Street, Suite 308
>   Anchorage, Alaska 99501
>   Telephone: (907) 269-6250
>   Facsimile: (907) 269-6270
>   Email: tamara_delucia@law.state.ak.us
>   Alaska Bar. No. 9906015

## Certificate of Service

I certify that on September 7, 2006, a copy of the foregoing Respondent's Objections to Recommendation Regarding Motion to Dismiss was served electronically on David R. Weber.

<u>s/ Tamara E. de Lucia</u>