## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JIMMY A. LAMPLEY,<br><br>            Petitioner,<br>vs.<br><br>MARC ANTRIM, and SCOTT J. NORDSTROM,<br><br>           Respondents. | 3:05-00293 CV (RRB)<br><br>**FINAL RECOMMENDATION REGARDING RESPONDENTS' MOTION TO DISMISS**<br><br>(Docket No.12) |

      The Magistrate Judge has reviewed the objections and responses of the petitioner and the respondents regarding his initial recommendation that the respondents' motion to dismiss be granted as to Lampley's second, third, and fourth claims, and that the motion should be denied as to Lampley's first and fifth claims. (Docket Nos. 38, 39, 40, and 41). Nothing in the objections or responses would cause the Magistrate Judge to modify this recommendation. A few comments, however, are in order.

      First, when Lampley objects to "factual errors" by omission, it is obvious that he is making legal arguments. Regardless, the Magistrate Judge hereby incorporates by reference the "facts", such as they are, referred to by Lampley. This does not, however, give any credence to the conclusions of law that Lampley insists such "facts" necessarily result in.

Secondly, the respondents' attack on the initial recommendation's reliance on *Castillo v. McFadden,* 339 F.3d 993, 999 (9th Cir. 2005) regarding Lampley's fifth claim – the right to self representation – is well made. Nonetheless, the court remains persuaded that *Castillo* rescues this claim for Mr. Lampley. In this regard the Magistrate Judge directs the parties and the assigned district judge in this case to another case in this district where the Magistrate Judge's recommendation was rejected on just such an issue by virtue of *Castillo*. (*See Douglas v. Superintendent Zee Hyden,* 3:03-cv-00221-JWS-JDR at docket No. 95 p.4-5).

Finally, regarding Lampley's first claim – freedom of speech violation – the respondents submit that *Chambers v. United States,* 22 F.3d 939 (9th Cir. 1994) is distinguishable from the instant case because there "the defendant sought relief after a decision in an unrelated case invalidated the statute under which he was convicted." This is a distinction without a difference. The underlying statute is either unconstitutional or it is not. Conspicuously absent from the respondents' objections is a grappling with the recommendation's discussion of the well established principle that: "An unconstitutional law is void, and is of no law. An offense created by it is not a crime. A conviction under it is not merely erroneous, but is illegal and void, and cannot be a legal cause of imprisonment." *Ex Parte Siebold,* 100 U.S. 371, 376-377 (1879). Instead the respondents submit: "By this Court's interpretation, a habeas petitioner is never barred from bringing a claim as long as he casts it as a constitutional claim – whether or not he has pursued state remedies." This is a plain misreading of the recommendation. The recommendation merely points to an exception to exhaustion expressly provided for in 28 U.S.C. § 2254(a)(d)(1). Specifically, that habeas relief shall be granted if it is established "that the State court lacked jurisdiction of the subject matter or over the person of the applicant in the State court proceeding." Under the respondents' argument § 2254(a)(d)(1) is inapplicable unless some other court in an

unrelated case invalidated the underlying statute of conviction. Congress made no such provision in relation to § 2254(a)(d)(1).

## CONCLUSION

For the foregoing reasons the Magistrate Judge hereby declines to modify his recommendation that the respondents' motion to dismiss for failure to exhaust his state court remedies be **GRANTED in part and DENIED in part.** The motion should be **GRANTED** as to Lampley's second, third, and fourth claims. The motion should be **DENIED** as to Lampley's first and fifth claims.

DATED this 12th day of September, 2006, at Anchorage, Alaska.

       /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge