IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JIMMY A. LAMPLEY, | ) |
| | ) CASE NO: 3:05-cv-00293-RRB |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARC ANTRIM and | ) |
| SCOTT J. NORSTRAND, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |

**PETITIONER'S REPLY TO RESPONDENT'S
RESPONSE IN OPPOSITION TO MOTION
FOR MISCELLANEOUS RELIEF**

Jimmy Lampley, through his counsel, Hugh W. Fleischer, hereby replies to the respondent's opposition to the petitioner's motion for miscellaneous relief.

As noted before and based upon previous rulings of the District Court, Mr. Lampley's claims are limited to Count 1 and Count 5.

Count 1 relates to the First Amendment to the U.S. Constitution violation of Mr. Lampley's right to freedom of speech, discussed below.

Count 5 contends that Mr. Lampley was denied his Constitutional right to self-representation, which will,

also, be discussed below.

> 1)   **COUNT ONE-DENIAL OF FREE SPEECH**

The State argues that that DVRO was wholly appropriate, given the finding that Lampley had physically assaulted DV.  However, such finding was made in an ex parte hearing that was held in the Alaska District Court.  As stated before, Mr. Lampley had no prior notice of the ex parte hearing.  As this Court knows, Mr. Lampley was then incarcerated.  The ex parte order issues as a result of the hearing forbidding Mr. Lampley to speak at any time, at any place or in any manner to D.M.  Later, a long-term order issued with the same prohibition.  Mr. Lampley was convicted of writing thirteen letters to D.M.  The State has asserted that such letters were "true threats"; however, the only example given is, at most, ambiguous.  Even though offensive and uncaring, there was no direct threat toward DV in the quote contained on page 17, last paragraph of the State's brief.  Mr. Lampley reasserts, without serious contradiction, that none of his letters to DV were threatening, while these orders were in effect.

We re-state that the orders of the State courts constituted prior restraints on freedom of speech, under the First Amendment to the United States Constitution. ***Freedman v. Maryland***, 380 U.S. 51 (1965);  ***New York Times***

*Co. v. United States*, 403 U.S. 713 (1971); *Nationalist Socialist Party v. Skokie*, 432 U.S. 43 (1977); *Southeastern Promotions, Ltd. V. Conrad*, et al., 420 U.S. 546 (1975); *Vance v. Universal Amusement Co.*, 445 U.S. 308 (1980); *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753 (1994); *Metropolitan Opera Ass'n v. Local 100, Hotel Employees' and Restaurant Employees' Union*, 239 F. 3d 172 ( 2nd Cir. 2001).

"No contact, direct or indirect,"(the order at issue in this case, in most Domestic Violence ("DV") Writ cases) fails to make even a token effort at complying with *Madsen's* requirement to "burden no more speech that necessary." Indeed, the second DVRO was crafted to be certain to burden letter writing.

The State argues that *Madsen* is inapposite but Mr. Lampley believes that the holding that the traditional time, place and manner analysis is insufficient in addressing a judicial injunction, applies to this matter.  It is also instructive, given the State's insistence that there were"true threats" present here to revisit the cross burning decision in *Virginia v. Black*, 538 U.S. 343, 123 S. Ct. 1536 (2003), after analyzing cross burning as a potential "true threat" and as permissible, protected speech, allowed the criminalization of cross burning only where done with the intent to intimidate if that intimidation amounted to a

"true threat."  The same Court found the statutory presumption of an intent to intimidate unconstitutional: that is, not all cross burnings, all the time, everywhere may be forbidden.  ***Black***, 123 S. Ct. @ 1550-1551.

The assaultive "threat" must be a "true threat", one that on its face and in the circumstances in which it is made, is so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity of purpose and imminent prospect of carrying the threat into execution.  ***Watts v. United States***, 394 U.S. 705, 706(1969); ***R.A.V. v. City of St. Paul***, 505 U.S. 377 (1992).  The letters written by Mr. Lampley, while uncomfortable, distasteful, annoying and abrasive, did not meet this test, as alleged by the State and thus, were protected by the First Amendment.

## COUNT 5-SELF REPRESENTATION AND DUE PROCESS

The record of the exchange with the Alaska District Court is contained in the opinion of ***Lampley v. State of Alaska***, 33 P. 3d 184 @ 187-189.  It is clear that Mr. Lampley did make a request to represent himself.  At that point in the proceeding, the trial judge, rather than conducting the appropriate inquiry

4

of Mr. Lampley about his knowledge and understanding of such step and his ability to minimally understand the court procedures, simply ruled against him. The State will continue to assert that the conduct of Mr. Lampley set out in the above case @ 188-189 justifies the refusal to allow Mr. Lampley to represent himself, however, this argument is without merit. The State has ignored the fact that the conduct **followed** the negative ruling. It is reasonable to assume and Mr. Lampley asserts that had the court below taken the proper course and permitted Mr. Lampley to represent himself such conduct would not have occurred.

Although Mr. Lampley did not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should have been made aware of the dangers and disadvantages of self-representation, so that the record would establish that 'he knows what he is doing and his choice is made with eyes open.' ***Adams v. United States ex rel McCann***, 317 U.S. @ 279." @ 2541.

In this case, Mr. Lampley clearly and unequivocally stated to the trial judge that he wanted to represent

himself and was denied such indelible right.

## **CONCLUSION**

For the reasons set out above, it is respectfully requested that Mr. Lampley's conviction be set aside and that he be released from custody, immediately.

Dated this 16th day of October, 2007.

LAW OFFICES OF HUGH W. FLEISCHER


By: ____S/Hugh W. Fleischer
    Hugh W. Fleischer
    AK Bar # 7106012
    Law Offices of Hugh W. Fleischer
    310 K. Street, Suite 200
     Anchorage, AK 99501
    (907) 264-6635
    (907) 264-6602 (fax)
     hfleisch@aol.com

9438/511


CERTIFICATE OF SERVICE

I certify that on the 16th day of October, 2007, a true copy of the foregoing was delivered electronically to the following counsel:

Tamara E. de Lucia
Assistant Attorney General

```
                    Office of Special Prosecutions
                    310 K. St., Suite 308
                    Anchorage, AK 99501



                    S/ Hugh W. Fleischer
                    Law Offices of Hugh W. Fleischer
```