LAW OFFICES OF HUGH W. FLEISCHER
310 K. Street, Suite 200
Anchorage, Alaska 99501
907-264-6635
907-264-6602
hfleisch@aol.com


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| JIMMY A. LAMPLEY, | ) |
| | ) CASE NO: 3:05-cv-00293-JDR |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| MARC ANTRIM and | ) |
| SCOTT J. NORSTRAND, | ) |
| | ) |
| Respondents. | ) |
| _____ | ) |


**PETITIONER'S OBJECTIONS TO RECOMMENDATION
REGARDING AMENDED PETITION
FOR WRIT OF *HABEAS CORPUS***


Jimmy Lampley, through his counsel, Hugh W. Fleischer, hereby objects to the Recommendation Regarding the Amended Petition for a Writ of *Habeas Corpus*.

As noted before and based upon previous rulings of the District Court, Mr. Lampley's claims are limited to Count 1

and Count 5.

Count 1 relates to the First Amendment to the U.S. Constitution violation of Mr. Lampley's right to freedom of speech, discussed below.

Count 5 contends that Mr. Lampley was denied his Constitutional right to self-representation, which will, also, be discussed below.

### 1)    COUNT ONE-DENIAL OF FREE SPEECH

The Recommendation essentially holds that that DVRO was wholly appropriate, given the finding that Lampley had physically assaulted DV and that there were "true threats" under *Watts v. United States*, 394 U.S. 705 (1969).  However, Mr. Lampley, for the important reasons set out in his last pleading to this Court, argues that the statements simply did not arise to the level of "true threats".  *See*, *Freedman v. Maryland*, 380 U.S. 51 (1965);  *New York Times Co. v. United States*, 403 U.S. 713 (1971); *Nationalist Socialist Party v. Skokie*, 432 U.S. 43 (1977); *Southeastern Promotions, Ltd. V. Conrad*, et al., 420 U.S. 546 (1975); *Vance v. Universal Amusement Co.*, 445 U.S. 308 (1980); *Madsen v. Women's Health Center, Inc.*, 512 U.S. 753 (1994); *Metropolitan Opera Ass'n v. Local 100, Hotel Employees' and Restaurant Employees' Union*, 239 F. 3d 172 ( 2nd Cir. 2001).

"No contact, direct or indirect,"(the order at issue

in this case, in most Domestic Violence ("DV") Writ cases) fails to make even a token effort at complying with **Madsen's** requirement to "burden no more speech that necessary." Indeed, the second DVRO was crafted to be certain to burden letter writing.

The Recommendation cites a portion of a letter Mr. Lampley wrote, but, even though highly disrespectful to the State court and law enforcement persons there was no threat made to D.M.  It is also instructive, given the Recommendation's insistence that there were"true threats" present here to re-revisit the cross burning decision in **Virginia v. Black**, 538 U.S. 343, 123 S. Ct. 1536 (2003), after analyzing cross burning as a potential "true threat" and as permissible, protected speech, allowed the criminalization of cross burning only where done with the intent to intimidate if that intimidation amounted to a "true threat."  The same Court found the statutory presumption of an intent to intimidate unconstitutional: that is, not all cross burnings, all the time, everywhere may be forbidden.  **Black**, 123 S. Ct. @ 1550-1551.

The assaultive "threat" must be a "true threat", one that on its face and in the circumstances in which it is made, is so unequivocal, unconditional, immediate and specific as to the person threatened, as to convey a gravity

of purpose and imminent prospect of carrying the threat into execution. *Watts v. United States*, *supra*; *R.A.V. v. City of St. Paul*, 505 U.S. 377 (1992).  The letters written by Mr. Lampley did not meet the test set out in these cases, as found by the Recommendation and thus, were protected by the First Amendment.


## COUNT 5-SELF REPRESENTATION AND DUE PROCESS


The Recommendation notes that the issue under this paragraph is found in the opinion of *Lampley v. State of Alaska*, 33 P. 3d 184 @ 187-189.  As stated before, it is clear that Mr. Lampley made a request to represent himself.  The trial judge failed its duty to properly deal with such a request. Rather than conducting the appropriate inquiry of Mr. Lampley about his knowledge and understanding of such step and his ability to minimally understand the court procedures, simply ruled against him.  *Adams v. United States ex rel McCann*, 317 U.S. 269 @ 279 (1942), which stated that "[t]he right to assistance of counsel and the correlative right to dispense with a lawyer's help are not legal formalisms.  They rest on consideration that go to the substance of an accused's position before the law."

The Recommendation has taken the position that

4

Lampley's latter conduct justifies the refusal to allow Mr. Lampley to represent himself; however, this finding ignores the fact that the conduct **followed** the negative ruling. As argued previously, it is reasonable to assume and Mr. Lampley has continued to assert that had the court below taken the proper course and permitted Mr. Lampley to represent himself such conduct would not have occurred.

Mr. Lampley clearly and unequivocally stated to the trial judge that he wanted to represent himself and was denied such indelible right.

## CONCLUSION

For the reasons set out above, it is respectfully requested that Mr. Lampley's conviction be set aside and that he be released from custody, immediately.

Dated this 28th day of February, 2008.

LAW OFFICES OF HUGH W. FLEISCHER

By: ____S/Hugh W. Fleischer
        Hugh W. Fleischer
        AK Bar # 7106012
        Law Offices of Hugh W. Fleischer
        5

310 K. Street, Suite 200
 Anchorage, AK 99501
(907) 264-6635
(907) 264-6602 (fax)
hfleisch@aol.com

9438/512


CERTIFICATE OF SERVICE

I certify that on the 28th day of
February, 2008, a true copy of the
foregoing was delivered electronically
to the following counsel:


Tamara E. de Lucia
Assistant Attorney General
Office of Special Prosecutions
310 K. St., Suite 308
Anchorage, AK 99501


S/ Hugh W. Fleischer
 Law Offices of Hugh W. Fleischer

6