Tamara E. de Lucia
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tamara.delucia@alaska.gov

Attorney for Respondents

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | | |
|---|---|---|
| JIMMY A. LAMPLEY, | ) | RESPONDENTS' RESPONSE TO "PETITIONER'S OBJECTIONS TO RECOMMENDATION REGARDING AMENDED PETITION FOR WRIT OF *HABEAS CORPUS*" |
| Petitioner, | ) | |
| vs. | ) | |
| MARC ANTRIM and SCOTT J. NORDSTRAND, | ) | Case No. 3:05-cv-00293-RRB |
| Respondents. | ) | |

This pleading is intended to respond to the "Objections to Recommendation Regarding Amended Petition for Writ of *Habeas Corpus*" filed by the petitioner, Jimmy Lampley. [*See generally* Docket No. 75] The respondents concur with this Court's recommendation to dismiss Lampley's two remaining *habeas* claims. [*See generally* Docket No. 74]

In his present objections, Lampley continues to assert that his first claim (free speech) and fifth claim (self representation) should not be dismissed. [Docket No. 75 at 2-5] Lampley is incorrect as he has failed to meet his burden

of showing that the decision of the Alaska Court of Appeals or the Alaska Superior Court involves an unreasonable application of clearly established federal law or is based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d)(1).

A.    The First Amendment Claim

This Court has deemed Lampley's First Amendment claim "border[s] on frivolous," adding that his argument is "untenable." [Docket No. 74 at 3] In response to that assessment, Lampley counters that his threats did not "arise to the level of 'true threats.'" [Docket No. 75 at 2]

Lampley now attempts to raise an as-applied challenge to the DVRO statutes by arguing that the content of his letters were not true threats. But Lampley cannot challenge the predicate findings of the Alaska District Court which formed the basis for issuance of the DVRO, for the first time, in an application for *habeas* relief. Lampley has never raised any challenge before now to the factual findings which were foundational to the determination that he posed a true threat to D.M.

In the circumstances of Lampley's case, the regulation of Lampley's speech under the DVRO was narrowly tailored so as to protect D.M. without unduly infringing on Lampley's freedom of speech. Lampley cannot meet his burden of demonstrating that the Alaska District Court applied the law in an

objectively unreasonable manner in granting D.M. the underlying DVROs nor that the Alaska Superior Court applied the law in an objectively unreasonable manner in upholding Lampley's convictions for having violated them. Accordingly, the respondents concur with the recommendation of this Court to dismiss Lampley's first claim predicated on a freedom-of-speech violation.

> B.  The Denial Of Self-Representation Claim

In response to the recommendations by this Court, Lampley argues that he was denied the "indelible right" of self-representation. [Docket No. 75 at 5]  But, as this Court noted, the right to self-representation is not absolute. [Docket No. 74 at 6]  The respondents concur with this Court's assessment that Lampley engaged in serious and obstructionist conduct such that the trial judge was justified in terminating his self-representation. [Docket No. 74 at 6]

Lampley now argues that the trial court failed to conduct the appropriate inquiry of him in response to his request to represent himself. [Docket No. 75 at 4]  Lampley's argument overlooks two facts.

First, Lampley's objection overlooks that he was granted co-counsel status and that status revoked only after he demonstrated his inability to behave appropriately.  *Lampley,* 33 P.3d at 188.

Second, Lampley overlooks that it was his own continual disruptions and implicit threats directed at the trial judge which resulted in Lampley losing the right to act as co-counsel. [*See* Docket No. 74 at 5-6]

The Alaska Court of Appeals held that because a trial judge may terminate self-representation by a defendant who engages in deliberately obstructionist misconduct, the trial judge in Lampley's case was well within her discretion in terminating Lampley's self-representation absent any inquiry into his knowledge and understanding of the law and court procedures. *Lampley v. State,* 33 P.3d 184, 189 (Alaska App. 2001). After a review of over 900 pages of transcripts from Lampley's trial court proceedings, this Court agreed that Lampley has not demonstrated that the Alaska Court of Appeals' decision involves an unreasonable application of the law or an unreasonable application of that facts. Accordingly, Lampley has failed to establish a basis for *habeas* relief and his fifth claim should be denied.

DATED March 20, 2008, at Anchorage, Alaska.

>TALIS J. COLBERG
>ATTORNEY GENERAL
>
>s/ Tamara E. de Lucia
>   Assistant Attorney General
>   State of Alaska, Dept. of Law
>   Office of Special Prosecutions
>     and Appeals
>   310 K Street, Suite 308

Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: tamara.delucia@alaska.gov
Alaska Bar. No. 9906015

**Certificate of Service**

I certify that on March 20, 2008, a copy of the foregoing Respondents' response to "Petitioner's objections to recommendation regarding amended petition for writ of habeas corpus" was served electronically on Hugh Fliescher.

<u>s/ Tamara E. de Lucia</u>